Michael Faillace [MF-8436]
Michael Faillace & Associates, P.C.
60 East 42nd Street, Suite 2540
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------X
DOMINGO CASTILLO MARCELINO, *individually*
*and on behalf of others similarly situated,*

*Plaintiff,*

-against-

374 FOOD, INC. (d/b/a TRIBECA BAGELS),
TIRAN TSADOK,  and HAYIM TSADOK,

*Defendants.*
--------------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION**
**UNDER 29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Domingo Castillo Marcelino, individually and on behalf of others similarly situated ("Plaintiff Castillo"), by and through his attorneys, Michael Faillace & Associates, P.C., and as against each of Defendants 374 Food, Inc. (d/b/a/ Tribeca Bagels) ("Defendant Corporation"), Tiran Tsadok, and Hayim Tsadok (collectively, "Defendants"), upon information and belief alleges as follows:

**NATURE OF ACTION**

1.    Plaintiff Castillo is a former employee of Defendants 374 Food, Inc. (d/b/a/ Tribeca Bagels), Tiran Tsadok and Hayim Tsadok who own and operate Tribeca Bagels.

2.    Tribeca Bagels is a bagel shop/deli owned by Tiran Tsadok and Hayim Tsadok, located at 374 Canal Street, New York, New York, 10013.

3.     Upon information and belief, Defendants Tiran Tsadok and Hayim Tsadok serve or served as owners, managers, principals or agents of Defendant Corporation and through this corporate entity operate or operated the bagel shop/deli as a joint or unified enterprise.

4.     Plaintiff Castillo was an employee of Defendants.

5.     Plaintiff Castillo worked long days as a cook at the bagel shop/deli located at 374 Canal Street, New York, New York 10013.

6.     Plaintiff Castillo regularly worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for any of the hours that he worked each week.

7.     Rather, Defendants failed to maintain accurate records of hours worked and failed to pay Plaintiff Castillo appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.     Further, Defendants failed to pay Plaintiff Castillo the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

9.     Defendants' conduct extended beyond Plaintiff Castillo to all other similarly situated employees.

10.     At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff Castillo and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

11.     Plaintiff Castillo now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor

Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), the New York Labor Law ("NYLL")

§§190 and 650 *et seq*., and "overtime wage order" respectively codified at N.Y.C.R.R. Tit. 12 §§

142-2.2, 2.4), and the "spread of hours" and overtime wage orders of the New York

Commissioner of Labor codified at N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.6 (herein the

"Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys'

fees, and costs.

12.    Plaintiff Castillo seeks certification of this action as a collective action on behalf

of himself, individually, and all other similarly situated employees and former employees of

Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13.    This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA),

28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental

jurisdiction over Plaintiff Castillo's state law claims is conferred by 28 U.S.C. § 1367(a).

14.    Venue is proper in this District under 28 U.S.C. § 391(b) and (c) because all or a

substantial part of the events or omissions giving rise to the claims occurred in this district,

Defendants operate their business in this district, and Plaintiff Castillo was employed by

Defendants in this district.

## PARTIES

*Plaintiff*

15.    Plaintiff Domingo Castillo Marcelino ("Plaintiff Castillo" or "Mr. Castillo") is an

adult individual residing in Queens County, New York. Plaintiff Castillo was employed by

Defendants from approximately September 2, 2015 until on or about April 20, 2016.

16.     At all relevant times to this complaint, Plaintiff Castillo was employed by Defendants as a cook at Tribeca Bagels, located at 374 Canal Street, New York, New York, NY 10013.

17.     Plaintiff Castillo consents to being party Plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

18.     Defendants own, operate, and/or control a Bagel shop/deli located at 374 Canal Street, New York, New York 10013 under the name of Tribeca Bagels, at all times relevant to this complaint.

19.     Upon information and belief, Defendant 374 Food, Inc. ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principle place of business at 374 Canal Street, New York, New York, 10013.

20.     Defendant Tiran Tsadok is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

21.     Defendant Tiran Tsadok is sued individually in his capacity as an owner, officer and/or agent of the Defendant Corporation.

22.     Defendant Tiran Tsadok possesses or possessed operational control over the Defendant Corporation, an ownership interest in the Defendant Corporation, or controlled significant functions of the Defendant Corporation.

23.     Defendant Tiran Tsadok determined the wages and compensation of employees, including Plaintiff Castillo, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

24.     Defendant Hayim Tsadok is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

25.     Defendant Hayim Tsadok is sued individually in their capacity as an owner, officer and/or agent of the Defendant Corporation.

26.     Defendant Hayim Tsadok possesses or possessed operational control over the Defendant Corporation, an ownership interest in the Defendant Corporation, or controlled significant functions of the Defendant Corporation.

27.     Defendant Hayim Tsadok determined the wages and compensation of employees, including Plaintiff Castillo, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

*Defendants Constitute Joint Employers*

28.     Defendants operate a bagel shop/deli located at 374 Canal Street, New York, New York, 10013.

29.      Individual Defendants Tiran Tsadok and Hayim Tsadok possess operational control over the Defendant Corporation, possess an ownership interest in the Defendant Corporation, and control significant functions of the Defendant Corporation.

30.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

31.     Each Defendant possessed substantial control over Plaintiff Castillo's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Castillo, and all similarly situated individuals, referred to herein.

32.     Defendants jointly employed Plaintiff Castillo, and all similarly situated individuals, and are Plaintiff Castillo's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

33.     In the alternative, Defendants constitute a single employer of Plaintiff Castillo and/or similarly situated individuals.

34.     Upon information and belief, Individual Defendants Tiran Tsadok and Hayim Tsadok operate the Defendant Corporation as either an alter ego of themselves, and/or fail to operate the Defendant Corporation as an entity legally separate and apart from their own selves, by, among other things:

(a)     failing to adhere to the corporate formalities necessary to operate the Defendant Corporation as a separate and legally distinct entity;

(b)     defectively forming or maintaining the Defendant Corporation, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

(c)     transferring assets and debts freely as between all Defendants;

(d)     operating the Defendant Corporation for their own benefit as the sole or majority shareholders;

(e)     operating the Defendant Corporation for their own benefit and maintaining control over it as a closed corporation or closely controlled entity;

(f)     intermingling assets and debts of their own with the Defendant Corporation;

(g)     diminishing and/or transferring assets of the Defendant Corporation to protect their own interests; and

(h)     other actions evincing a failure to adhere to the corporate form.

35.     At all relevant times, Defendants were Plaintiff Castillo's employers within the meaning of the FLSA and NYLL.

36.     Defendants had the power to hire and fire Plaintiff Castillo, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff Castillo's services.

37.     In each year from 2015 to 2016, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

38.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous items that were sold in the bagel shop/deli on a daily basis were produced outside of the State of New York.

*Individual Plaintiff*

39.     Plaintiff Castillo is a former employee of Defendants, who was employed as a cook.

40.     Plaintiff Castillo seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Domingo Castillo Marcelino*

41.     Plaintiff Castillo was employed by Defendants from approximately September 2, 2015 until on or about April 20, 2016.

42.      At all relevant times, Plaintiff Castillo was employed by Defendants to work as a cook.

43.     Plaintiff Castillo regularly handled goods in interstate commerce, such as food, condiments, and supplies necessary to perform his duties as a cook.

44.      Plaintiff Castillo's work duties required neither discretion nor independent judgment.

45.     Throughout his employment with Defendants, Plaintiff Castillo regularly worked in excess of 40 hours per week.

46.     From approximately September 2, 2015 until on or about April 2016, Plaintiff Castillo worked from approximately 5:00 a.m. until on or about 5:15 p.m. four days a week and from approximately 5:00 a.m. until on or about 5:00 p.m. two days a week (typically 73 hours per week).

47.     Throughout his employment with defendants, Plaintiff Castillo was paid his wages in cash.

48.     From approximately September 2, 2015 until on or about April 2016, Plaintiff Castillo was paid a fixed salary of $100.00 per day.

49.     Plaintiff Castillo's wages did not vary regardless of how many additional hours he worked in a week.

50.     For example, Plaintiff Castillo worked 15 minutes past his scheduled departure time four days a week, and defendants did not compensate him for the additional time he

worked.

51.     Plaintiff Castillo was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device, such as sign in sheets or punch cards, that accurately reflected his actual hours worked.

52.     Defendants did not provide Plaintiff Castillo with any document or other statement accounting for his actual hours worked, or setting forth the rate of pay for all of his hours worked.

53.     No notification, either in the form of posted notices, or other means, was ever given to Plaintiff Castillo regarding wages as required under the FLSA and NYLL.

54.     Defendants did not provide Plaintiff Castillo a statement of wages, as required by NYLL 195(3).

55.     Defendants did not give any notice to Plaintiff Castillo, in English and in Spanish (Plaintiff Castillo's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

56.     Defendants required Plaintiff Castillo to purchase "tools of the trade" with his own funds—including pants, hats, and aprons.

*Defendants' General Employment Practices*

57.     Defendants regularly required Plaintiff Castillo to work in excess of forty (40) hours per week without paying him minimum wage, overtime compensation and spread of hours pay.

58.     At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff Castillo and all similarly situated employees to work in excess of

forty (40) hours per week without paying them appropriate minimum wage and overtime compensation, as required by federal and state laws.

59.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

60.     Defendants also failed to post required wage and hour posters in the restaurant, and did not provide Plaintiff Castillo with statutorily required wage and hour records or statements of his pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff Castillo's relative lack of sophistication in wage and hour laws.

61.     Defendants paid Plaintiff Castillo all of his wages in cash.

62.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Castillo (and similarly situated individuals) worked, and to avoid paying Plaintiff Castillo properly for 1) his full hours worked, 2) minimum wage, 3)for overtime due, and 4) spread of hours pay.

63.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL. Defendants failed to provide Plaintiff Castillo and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone  number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other;  gross wages;  deductions;  allowances, if any, claimed as

part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL §195(3).

64.     Defendants failed to provide Plaintiff Castillo and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the  employer; any "doing business as"  names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different;   and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

65.     Plaintiff Castillo brings his FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period"), as employees of Tribeca Bagels (the "FLSA Class").

66.     At all relevant times, Plaintiff Castillo and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required minimum wage under the FLSA, the required overtime pay at a one and one-half their regular

rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records required by the FLSA.

67.     The claims of the Plaintiff stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

68.      Plaintiff Castillo repeats and re-alleges all paragraphs above as though fully set forth herein.

69.     At all times relevant to this action, Defendants were Plaintiff Castillo's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Castillo (and the FLSA class members), control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for employment.

70.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

71.      Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

72.      Defendants failed to pay Plaintiff Castillo (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

73.     Defendants' failure to pay Plaintiff Castillo (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

74.     Plaintiff Castillo (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

75.     Plaintiff Castillo repeats and re-alleges all paragraphs above as though fully set forth herein.

76.     Defendants, in violation of the FLSA, failed to pay Plaintiff Castillo   (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

77.     Defendants' failure to pay Plaintiff Castillo (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

78.     Plaintiff Castillo (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
## VIOLATION OF THE NEW YORK MINIMUM WAGE RATE

79.     Plaintiff Castillo repeats and re-alleges all paragraphs above as though fully set forth herein.

80.     At all times relevant to this action, Defendants were Plaintiff Castillo's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Castillo (and the FLSA Class members), control terms and conditions of employment, and determine the rates and methods of any compensation in exchange for employment.

81.     Defendants, in violation of the NYLL, paid Plaintiff Castillo (and the FLSA Class members) less than the minimum wage in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor.

82.     Defendants' failure to pay Plaintiff Castillo (and the FLSA Class members) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

83.     Plaintiff Castillo (and the FLSA Class Members) were damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF THE OVERTIME PROVISIONS OF**
**THE NEW YORK STATE LABOR LAWS**

84.     Plaintiff Castillo repeats and re-alleges all paragraphs above as though fully set forth herein.

85.     Defendants, in violation of the NYLL and associated rules and regulations, failed to pay Plaintiff Castillo (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of N.Y. Lab. Law § 190 *et seq.* and supporting regulations of the New York State Department of Labor.

86.     Defendants failed to pay Plaintiff Castillo (and the FLSA Class members) in a timely fashion, as required by Article 6 of the New York Labor Law.

87.     Defendants' failure to pay Plaintiff Castillo (and the FLSA Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

88.     Plaintiff Castillo (and the FLSA Class Members) were damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**
**VIOLATION OF THE SPREAD OF HOURS WAGE ORDER**
**OF THE NEW YORK COMMISSIONER OF LABOR**

89.     Plaintiff Castillo repeats and re-alleges all paragraphs above as though fully set forth herein.

90.     Defendants failed to pay Plaintiff Castillo (and the FLSA class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Castillo's spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 et seq. and 650 et seq. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

91.     Defendants' failure to pay Plaintiff Castillo (and the FLSA Class members) an additional hour's pay for each day Plaintiff Castillo's (and the FLSA Class members) spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

92.     Plaintiff Castillo (and the FLSA Class members) were damaged in an amount to be determined at trial.

**SIXTH CAUSE OF ACTION**
**VIOLATION OF THE NOTICE AND RECORDKEEPING**
**REQUIREMENTS OF THE NEW YORK LABOR LAW**

93.     Plaintiff Castillo repeats and re-alleges all paragraphs above as though fully set forth herein.

94.     Defendants failed to provide Plaintiff Castillo with a written notice, in English and in Spanish (Plaintiff Castillo's primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

95.     Defendants are liable to Plaintiff Castillo in the amount of $5,000, together with costs and attorneys' fees.

**SEVENTH CAUSE OF ACTION**
**VIOLATION OF THE WAGE STATEMENT PROVISIONS**
**OF THE NEW YORK LABOR LAW**

96.     Plaintiff Castillo repeats and re-alleges all paragraphs above as though set forth fully herein.

97.     Defendants did not provide Plaintiff Castillo with wage statements upon each payment of wages, as required by NYLL 195(3).

98.     Defendants are liable to Plaintiff Castillo in the amount of $5,000, together with costs and attorneys' fees.

**EIGHTH CAUSE OF ACTION**
**RECOVERY OF EQUIPMENT COSTS**

99.     Plaintiff Castillo repeats and realleges all paragraphs above as though set forth fully herein.

100.     Defendants required Plaintiff Castillo to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his jobs, such as aprons and hats, further reducing his wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

101.     Plaintiff Castillo was damaged in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Castillo respectfully request that this Court enter judgment against Defendants:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the

pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants have violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Castillo and the FLSA class members;

(c)     Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Castillo and the FLSA class members;

(d)     Declaring that Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Castillo's  and the FLSA class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Castillo and the FLSA class members;

(f)     Awarding Plaintiff Castillo and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiff Castillo and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants have violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Castillo and the members of the

17

FLSA Class;

(i)      Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Castillo and the members of the FLSA Class;

(j)      Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff Castillo and the members of the FLSA Class;

(k)      Declaring that Defendants have violated the recordkeeping requirements of the NYLL with respect to Plaintiff Castillo's  and the FLSA Class members' compensation, hours, wages; and any deductions or credits taken against wages;

(l)      Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Castillo and the FLSA Class members;

(m)      Awarding Plaintiff Castillo and the FLSA class members damages for the amount of unpaid minimum and overtime wages as well as spread of hours pay under the NYLL as applicable;

(n)      Awarding Plaintiff Castillo and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable;

(o)      Awarding Plaintiff Castillo and the FLSA class members pre-judgment and post-judgment interest as applicable;

(p)       Awarding Plaintiff Castillo and the FLSA class members the expenses incurred in this action, including costs and attorney's fees;

(q)      Providing that if any amounts remain unpaid upon the expiration of ninety days

following issuance of judgment, or ninety days after expiration of the time to appeal and no

appeal is then pending, whichever is later, the total amount of judgment shall automatically

increase by fifteen percent, as required by NYLL § 198(4); and

       (r)     All such other and further relief as the Court deems just and proper.

Dated: New York, New York
      August 9th, 2016

                     MICHAEL FAILLACE & ASSOCIATES, P.C.

                     ___/s/ Michael Faillace_____
                By:    Michael A. Faillace [MF-8436]
                     60 East 42nd Street, Suite 2540
                     New York, New York 10165
                     (212) 317-1200
                     *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 2540
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

April 20, 2016

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la
demanda como uno de los demandantes.)**

Name / Nombre:                      Domingo Castillo Marcelino

Legal Representative / Abogado:     Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                       20 de abril de 2016