**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
DOMINGO CASTILLO MARCELINO,
*individually and on behalf of others similarly situated,*

                              *Plaintiff*,

      -against-

374 FOOD, INC. (d/b/a TRIBECA BAGELS),
TIRAN TSADOK and HAYIM TSADOK,

                              *Defendants.*
-------------------------------------------------------X

**16 Civ. 6287 (KPF)**

**[PROPOSED] JOINT PRETRIAL ORDER**

KATHERINE POLK FAILLA, United States District Judge:

      Having conferred among themselves and with the Court pursuant to Rule 16 of the Federal Rules of Civil Procedure, the parties adopt the following statements, directions and agreements as the Pre-Trial Order:

**i.**     *<u>Caption</u>***:**

The caption is as above.

**ii.**    *<u>Parties and Counsel</u>***:**

      a. *Plaintiff's attorneys:*

          Michael Faillace, Esq.
          Shawn Clark, Esq.
          Colin Mulholland, Esq.
          Michael Faillace & Associates, PC
          MICHAEL FAILLACE & ASSOCIATES, P.C.
          60 East 42nd Street, Suite 4510
          New York, NY 10165
          Tel.: 212-317-1200
          Fax: 212-317-1620
          michael@faillacelaw.com
          sclark@faillacelaw.com
          cmulholland@faillacelaw.com

   b. *Defendants' attorneys:*

    Brian Lehman, Esq.
    Julie Solarz, Esq.
    Lehman LG LLC
    244 Fifth Avenue Suite B258
    New York, NY 10001
    724-453-4626
    Email: brian@lehmanlawgroup.com
    brian@lehmanlawgroup.com
    julie.solarz@lehmanlawgroup.com

**iii.** **Subject Matter and Personal Jurisdiction:**

*Plaintiff's Position:*

  The Court has subject matter jurisdiction under 28 U.S.C. § 1331 pursuant to claims asserted under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq*. ("FLSA"), and supplemental jurisdiction over Plaintiff's state law claims is conferred by 28 U.S.C. § 1367(a).

  Plaintiff maintains that this Court has jurisdiction over this action. The Plaintiff in this case is a covered employee as defined by the FLSA, and the Defendants do engage in interstate commerce.

**Defendants' Position:**

iv.     *Claims and Defenses*:

*Plaintiff's Claims:*

This is an action for money damages brought by Plaintiff Domingo Castillo Marcelino. Plaintiff brings his suit alleging minimum wage, overtime, notice, statement and spread of hours violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and N.Y. Lab. Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL").  Plaintiff asserts the following claims, all of which remain to be tried.

1. **Violation of the Minimum Wage Provisions of the FLSA**.  Plaintiff alleges that Defendants were his employers and willfully failed to pay him at the applicable hourly minimum wage rate over the course of his employment.  29 U.S.C. §§ 206, 216, 255(a).

2. **Violation of the Overtime Wage provisions of the FLSA.**  Plaintiff alleges that Defendants were his employers and willfully failed to pay his overtime at 1.5 times his regular rate for hours above 40 worked in a week.  29 U.S.C. §§207(a), 215, 255.

3. **Violation of the New York Minimum Wage Provisions**.  Plaintiff alleges that Defendants were his employers and willfully failed to pay him the applicable hourly minimum wage rate.  NYLL §§652(1), 663.

4. **Violation of the New York Overtime Provisions.**  Plaintiffs allege that Defendants were his employers and willfully failed to pay his overtime at 1.5 times his regular rate for hours above 40 worked in a week.  12 N.Y.C.R.R. §146-1.4.

5. **Violation of the Spread-of-Hours Provisions of the New York labor Law.** Plaintiff alleges that Defendants willfully failed to pay his one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Marcelino's spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq*. and 650 *et seq*. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 137-1.7 and 137-3.11.

6. **Violation of the New York Notice and Recordkeeping Provisions.** Plaintiffs allege that Defendants failed to provide his with a written notice, in English and in Spanish (his primary language), of (1) the employee's rate of pay; (2) the overtime rate of pay; (3) the basis for the employee's pay (e.g., hourly, daily, weekly, salary, commission, and so forth); (4) all allowances claimed as part of the minimum wage (e.g., tips, meals, or lodging allowances); (5) the employee's regular pay day; (6) the name of the employer, including whether the employer is "doing business as" under any other name; (7) the employer's address; and (8) the employer's telephone number. NYLL 195(1).

7. **Violation of the New York Wage Statement Provision.** Plaintiff alleges that Defendants did not provide him with wage statements upon each payment of wages containing (1) the dates the payment of wages covers; (2) the name of both the employee and employer; (3) the employer's address and telephone number; (4) the rate and basis of pay; (5) gross wages; (6) deductions; (7) allowances (if applicable); and (8) net wages. NYLL §195(3).

*Defendants' Defenses:*

v.  *<u>Jury or Bench Trial</u>*:

### <u>Plaintiff's Position:</u>

Plaintiff anticipates the trial will take 1-2 days.

### <u>Defendants' Position:</u>

    **vi.**    ***Consent to Trial by Magistrate Judge***

The parties have not consented to trial by a Magistrate Judge.

    ***vii.***    ***Stipulations:***

The parties stipulate that the following facts are true and thus no proof is necessary. However, no concessions are made as to the materiality or relevance of these facts.

### JOINT STIPULATIONS OF FACT

1. The Plaintiff filed his present action in the United States District Court in the Southern District of New York on August 29th 2016.

2. "Tribeca Bagels" is a restaurant located at 374 Canal Street New York, NY 10013, and is operated by 374 Food, Inc., a domestic corporation organized and existing under the laws of the state of New York.

3. Tribeca Bagels employed the Plaintiff for a period of time, however there is a factual dispute as to the start and end dates of Plaintiff's employment.

### JOINT STIPULATIONS OF LAW

1. Plaintiff's claims arising under New York law are so related to the FLSA claims that they form part of the same case or controversy, and are therefore within the supplemental jurisdiction of the court.  28 U.S.C. § 1367.

3. From December 31, 2014 through the present, the minimum wage rate pursuant to the Fair Labor Standards Act was $7.25 per hour.  29 U.S.C. § 206(a).

4. From December 31, 2014,  through December 31, 2015, the minimum wage rate pursuant to the New York Labor Law was $8.75. From December 31, 2015 through December 2016, the minimum wage rate pursuant to the New York Labor Law was $9.00 an hour. From December 31, 2016 through the present, the minimum wage rate pursuant to the New York Labor

Law was for employers in New York City - N.Y. Labor law § 652; N.Y. Comp. Code R. & Regs. tit. 12, §142-2.1(a) (2013) - is $11.00 for large employers with 11 or more employees and $10.50 an hour for small employers with 10 or less employees

     5.     The statute of limitations for FLSA actions is two years, or three in cases of "willful" violations. 29 U.S.C. §255.

     6.     The statute of limitations under the New York Labor Law is six years.

     7.     Under both federal and New York state law, an employee must be paid a minimum wage. 29 U.S.C. §206; N.Y. Lab. Law §652.

     8.     Under both federal and New York state law, an employee must be paid at the rate of one and one-half times the employee's regular hourly rate for each hour the employee works in excess of 40 hours in a given workweek. 29 U.S.C. § 207(2)(C); 12 N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2 (2013).

     9.     Overtime pay under the FLSA is calculated by applying a multiplier of one and one half to an employee's "regular rate" of pay. 29 C.F.R. § 778.107; 29 U.S.C. § 207(a)(1).

     10.     Separate from any other regular or overtime wages, when an employee works more than 10 hours on any given day, the employee is entitled to receive "spread of hours" pay, which is an additional one-hour's pay at the applicable minimum wage rate. 12 NYCRR § 142-2.4(a) (2009).

     11.     Under New York law, if an employer fails to pay a restaurant employee an hourly rate of pay, the employee's regular hourly rate of pay is calculated by dividing the employee's total weekly earnings by the lesser of 40 hours or the actual number of hours worked by that employee during the work week. 12 NYCRR §146-3.5

     12.     Under the FLSA, once liability is established the employee is entitled to recover all unpaid minimum and overtime wages, as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

13. Under the NYLL, as under the FLSA, an employee is entitled to recover liquidated damages under the NYLL unless the employer can establish a good faith basis for having failed to pay the required wages. N.Y. Lab. Law § 198(1-a); *Hart v. Rick's Cabaret Int'l, Inc.*, 967 F. Supp. 2d 901, 937 (S.D.N.Y. 2013).

14. The FLSA and the New York Labor Law both contain fee-shifting provisions for actions to recover unpaid wages. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the Plaintiff or Plaintiff, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action"); N.Y. Labor Law § 663(1) ("[An employee] may recover . . . costs and such reasonable attorney's fees.

15. The Court shall award prejudgment interest pursuant to N.Y. C.P.L.R. § 5001 on an award of back pay for NYLL claims. N.Y. Lab. Law § 198(1- a). Under N.Y. C.P.L.R. § 5004, prejudgment interest runs at the rate of nine percent (9%) per annum simple interest. As to the date from which interest is to be calculated, the statute states that "[w]here . . . damages were incurred at various times, interest [may] be computed . . . upon all of the damages from a single reasonable intermediate date." N.Y. C.P.L.R. § 5001(b).

### viii. *Witnesses*:

*Plaintiffs' Prospective Witnesses*

1. <u>Domingo Castillo Marcelino, in person</u>. Will testify as to his employment with Defendants, including his job responsibilities, hours worked, pay received, and Defendants' general employment practices and policies.

Plaintiff reserves the right to call records custodians, if necessary, to authenticate or otherwise lay the foundation for admission of any evidence identified for trial purposes. Plaintiff reserves the right to call additional witnesses to rebut defendants' witnesses' testimony, and to use deposition testimony in accordance with the Federal Rules of Evidence and Federal Rules of Civil Procedure. Plaintiff reserves the right to call Defendants and Defendants' witnesses as adverse witnesses in the event they choose not to testify.

Plaintiff will testify through a Spanish language interpreter.

### *Defendants' Prospective Witnesses*

Defendants may elect to call as witnesses the following people: Luis Quiroz, Bartolo Ochoa, Miguel Zamora, Felix Nieto, Benjamin Luna, all of whom will testify through a Spanish language interpreter. Defendants may also call Tiran Tsadok or Hayim Tsadok who will testify without an interpreter.

Plaintiffs object to any witnesses that Defendants did not prior disclose in their Rule 26 disclosures.

**ix.** ***Deposition Testimony:***
Not applicable.

*x.* <u>*Exhibits*</u>

*Plaintiff's Exhibits*

Plaintiff have the following Exhibits. Plaintiff reserves the right to offer additional exhibits for the purpose of impeachment, including but not limited to pleadings.

| **Exhibit** | **Description** | **Objection** |
|---|---|---|
| P-1 | Defendants' Responses and Objections to Plaintiff's Interrogatories to Corporate Defendants | |
| P-2 | Defendants' Responses and Objections to Plaintiff's Interrogatories to Individual Defendants | |
| P-3 | | |
| P-4 | | |
| P-5 | | |
| P-6 | | |
| P-7 | | |

*Defendants' Exhibits*

Defendants reserve the right to offer additional exhibits for the purpose of impeachment.

| Exhibit | Description | Objection |
|---|---|---|
| D-1 | | |
| D-2 | | |
| D-3 | | |
| D-4 | | |
| D-5 | | |
| D-6 | | |
| D-7 | | |

xi.   <u>Statement of Damages Claimed</u>

<u>Minimum Wage and Overtime</u>

Plaintiff maintains that Defendants are liable for unpaid minimum and overtime wages as follows:

To Domingo Castillo Marcelino: $24,502.50

The damages are calculated by determining the pay Plaintiffs would have received each week if they were paid at the proper rate per hour for all hours worked up to 40 per week, and the

corresponding overtime rate for all hours worked above 40 per week, and subtracting the amount Plaintiff was actually paid for each week.

Liquidated Damages

Plaintiff maintains the Defendants are liable for liquidated damages as follows:

To Domingo Castillo Marcelino: $24,502.50

The damages are calculated by multiplying the weekly unpaid minimum and/or overtime wages by 100%.

Violation of New York Annual Wage Notice Law

Plaintiff maintains Defendants are liable as follows:

To Domingo Castillo Marcelino:  $5,000.00

The damages are calculated by multiplying the number of days the violation persisted for by $50, up to a maximum of $5,000.

Violation of New York Wage Statement Law

Plaintiff maintains Defendants are liable as follows:

To Domingo Castillo Marcelino: $5,000.00

The damages are calculated by multiplying the number of weeks the violation occurred by $250, up to a maximum of $5,000.00.

Unpaid Spread of Hours Wages Under the New York Labor Law

Plaintiff maintains the Defendants are liable for spread of hours damages as follows:

To Domingo Castillo Marcelino: $1,756.50

Spread of hours damages are calculated by multiplying the prevailing minimum wage by the number of dates that Plaintiffs worked a spread of hours of more than ten hours in a single day.

Liquidated Damages on Unpaid Spread of Hours Wages Under the New York Labor Law

Plaintiff maintains the Defendants are liable for spread of hours liquidated damages as follows:

To Domingo Castillo Marcelino: $1,756.50

Liquidated damages on spread of hours violations are calculated as 100% of the spread of hours damages.

Pre-Judgment Interest and Attorney's Fees

To Domingo Marcelino Castillo: To be determined after trial

Plaintiff is entitled to reasonable attorney's fees and costs along with pre-judgment interest accruing at the lawful interest rate from a fair point in time during the actionable time period, all to be determined after trial.

SO ORDERED:
Dated: New York, New York

_____, 2017

_____
Hon. Katherine P. Failla
United States District Judge