UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
DOMINGO CASTILLO MARCELINO,
*individually and on behalf of others similarly situated,*

       *Plaintiff*,

  -against-

374 FOOD, INC. (d/b/a TRIBECA BAGELS),
TIRAN TSADOK and HAYIM TSADOK,

       *Defendants.*
---------------------------------------------------------X

16 Civ. 6287 (KPF)

[PROPOSED] JOINT PRETRIAL ORDER

KATHERINE POLK FAILA, District Judge:

  The parties agree to the following statements, directions and agreements as the Pre-Trial Order:

**i.** *Caption*:

The caption is as above.

**ii.** *Parties and Counsel*:

  a. *Plaintiff's attorneys:*

   Michael Faillace
   Shawn Clark
   Colin Mulholland
   Michael Faillace & Associates, PC
   60 East 42nd Street, Suite 4510
   New York, NY 10165
   Tel.: 212-317-1200
   Fax: 212-317-1620
   michael@faillacelaw.com
   sclark@faillacelaw.com
   cmulholland@faillacelaw.com

  b. *Defendant's attorneys:*

   Brian Lehman
   Julie Solarz
   Lehman LG LLC

1

>244 Fifth Avenue Suite B258
>New York, NY 10001
>724-453-4626
>brian@lehmanlawgroup.com
>julie.solarz@lehmanlawgroup.com

**iii.** <u>**Subject Matter and Personal Jurisdiction**</u>*:*

At the close of discovery, plaintiffs had no evidence that the Court had subject matter jurisdiction over Defendants.  Moreover, plaintiff does not have a foundation for testifying as to facts that would support subject matter jurisdiction.  Any testimony by plaintiff on such matters would be speculation. Subject matter jurisdiction must be evaluated at each stage of the proceeding.  The federal claims should therefore be dismissed.

With respect to personal jurisdiction, plaintiff has no evidence that support personal jurisdiction for the Individual Defendants either on the grounds of general jurisdiction or specific jurisdiction.  As there is no evidence in the record, plaintiff's claims must be dismissed.

The Individual Defendants also object to using an affidavit to establish service since this is hearsay – *i.e.*, an out of court statement presented for the truth herein. The affidavit submitted contains material false statements.  The person who signed the affidavit should testify as to how these materially false statements were made and subject to cross-examination.  Plaintiff bears the burden of establishing proper service.

**iv.**    <u>*Claims and Defenses*</u>**:**

Plaintiff brought eight claims against Defendants and sought seventeen forms of relief. Defendants Plaintiff has dropped significant allegations with respect to those people "similarly situated" and forms of relief and now seeks to drop a claim with respect to failure to provide equipment.  Plaintiff seeks to drop this claim even though on June 2, 2017, counsel for Plaintiff stated that he was continuing to pursue <u>all</u> the claims against all the Defendants.  Plaintiff also now seeks to effectively amend its complaint with new factual allegations in the form of

"declaration" in English by a Plaintiff that speaks Spanish without stating who translated it, proving the original document (if any) or having the document signed in front of a notary (who would, for example, insure that the same person is signing the document despite what appears to initially be different signatures on different documents).

The combined effect of (1) dropping allegations, (2) dropping a claim, and (3) adding factual allegations after the end of discovery in a "declaration" is to present Defendants with a new complaint. The purpose of a complaint is to provide notice to Defendants of the claims as well as the factual allegations underlying the claims. The notice provided in the complaint affects every litigation decision of a defendant including, *inter alia*, any settlement offers and whether to present the case before a judge or a jury – to name a few. In this case, Defendants elected to forgo their constitutional right to a jury in light of the complaint that was filed. Moreover, each and every settlement decision was made based on the claims presented and factual allegations. The notice provided in the complaint also affected Plaintiff's responses to interrogatories and document requests.

Plaintiffs may always amend the complaint by either seeking Defendants' consent or leave of the Court, which should be "freely given." But Defendants assert that the Plaintiff should not be allowed to informally change allegations and claims, particularly in situations where Plaintiff or Plaintiff's counsel may owe a fiduciary duty to potential members of the op-in class.

Finally, while Plaintiff seeks to drop allegations, drop a claim and forms of relief and supplement the factual allegations lacking in Plaintiff's complaint without every making a motion under the Federal Rules of Civil Procedure, Defendants are not allowed the same courtesy. For example, if Defendants seek to amend their answer, they are denied because they are not doing so in accordance with the Federal Rules of Civil Procedure or on the ground that "time has passed" despite the fact that Plaintiff's most recent changes happened yesterday (*i.e.*, June 21, 2017).

Nonetheless, Defendants submit that plaintiff did not have any evidence that proved their claims except for certain presumptions that the law affords them on certain elements of their claims (*e.g.*, there may be presumptions regarding record keeping). Plaintiff has no evidence that the elements of subject matter jurisdiction have been satisfied, for example. Likewise, at the end of discovery, Plaintiff has no evidence that the Individual Defendants live in the state of New York. Had a motion for summary judgment been allowed, the lack of evidence produced during discovery would have been obvious. While the Court states in its Individual Rules that summary judgment will be allowed for "good cause" in a non-jury trial, the Court did not allow summary judgment in this case. Defendants submit that the complete lack of prosecution of a case and the complete lack of evidence produced during discovery is the quintessential example of good cause sufficient to warrant summary judgment motion under Rule 56 of the Federal Rules of Civil Procedure.

Defendants continue to assert the defenses set forth in the Answer including, but not limited to, (1) Plaintiff has failed to state a claim against the Individual Defendants, (2) the Individual Defendants did not engage in willful conduct, (3) Plaintiff has unclean hands in asserting his claims, and (4) any damages incurred by Plaintiff were proximately caused by third parties over whom Defendants, and particularly the Individual Defendants, had no control or the result of a superseding and intervening cause.

Defendants repeat their contention that Plaintiffs should file a motion to amend the pleadings, rather than attempt to do so through a pre-trial Order or a last-second declaration after discovery has closed.

Finally, Defendants will argue that Plaintiff or Plaintiffs' counsel should be sanctioned for material misrepresentations in the pleadings or in Court when testifying under oath. Materially false allegations and false testimony sworn under oath are an abuse of the judicial system. In this

case, Defendants will argue that Plaintiff did not work for six (6) months and that this false allegations has vexatious multiplied the proceedings and imposed significant cost to the Court and the Defendants. Defendants will also argue that the Individual Defendants had nothing to do with Plaintiff's day-day employment and, indeed, did not even know him until after this litigation began. Such intentional material misrepresentations in a court of law warrant sanctions sufficient to deter such conduct from happening again.

**v.**     ***Jury or Bench Trial*:**

Defendant contends that the trial should take approximately (4) hours and, in any event, no more than one (2) day.

Defendants, however, object to the trial being held without a jury. Plaintiff sued individually and on behalf of others similarly situated people. These allegations are made repeatedly throughout the Complaint. "A party's assertion of fact in a pleading is a judicial admission by which it normally is bound throughout the course of the proceeding." *Bellefonte Re Ins. Co. v. Argonaut Ins. Co.*, 757 F.2d 523, 528 (2d Cir. 1985).

Moreover, on December 29, 2016, Plaintiff's counsel stated to the Court that he was pursuing this action on behalf of all others similarly situated. Plaintiff's counsel made this representation in a letter filed with the Court and served on Defense Counsel. Defense counsel answered the complaint two days later on January 1, 2017 in reliance on this letter.

Based on these allegations and representations, Defense counsel elected to waive Defendants' constitutional right to a jury. Plaintiff is now pursuing a substantially different claim including by adding new factual allegations on June 21, 2017. Defense counsel maintains that Plaintiff's counsel should move to amend the complaint to state the allegations and claims they intend to pursue.

In the alternative, Defendants counsel should be permitted to amend the answer to state that a jury is sought for all issues so triable. "Good cause" under Rule 15 of the Federal Rules of Civil Procedure is established by the fact that Plaintiff stated numerous allegations and even a claim that counsel repeatedly stated they were pursuing but now state on the eve of trial that they are not doing so. Moreover, Plaintiff has been repeatedly allowed to change its pleadings, even in the most informal of manners. Defendants should be allowed the same courtesy.

**vi.** *Consent to Trial by Magistrate Judge*

The parties have not consented to trial by a Magistrate Judge.

**vii.** *Stipulations:*

The parties stipulate that the following facts are true and thus no proof is necessary. However, no concessions are made as to the materiality or relevance of these facts.

### JOINT STIPULATIONS OF FACT

1. The Plaintiff filed his present action in the United States District Court in the Southern District of New York on August 29th 2016.

2. On all other factual allegations, Defendants assert that there is no evidence produced during discovery supporting them.

### JOINT STIPULATIONS OF LAW

Defendants have no objection to Plaintiff's stipulation of the law except to maintain that the parties may not "stipulate" to the law. For example, the parties may not stipulate that the jurisdiction requirements are anything less than what the statute says or the appropriate courts have so held. It always remains the providence of the Court – not the parties – to say what the law is.

With that said, Defendants intend to assert in post-trial briefing that federal law and the Court's inherent power permit the court to sanction an attorney or party that makes material misrepresentations in pleadings or Court. 28 U.S.C. § 1927; *see also Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991).

**viii.** *Witnesses*:

*Plaintiffs' Prospective Witnesses*

Defendants object to Plaintiff attempt to reserve the right to call any person that has not been properly subpoenaed for trial including unnamed "record custodians." Plaintiff elected not to serve a deposition notice under Rule 30(b)(6) of the Federal Rules of Procedure. Defendants should not be forced to name, and then attempt to procure, any such custodians of records.

*Defendants' Prospective Witnesses*

Defendants may elect to call as witnesses the following people for purposes of impeachment: Luis Quiroz, Bartolo Ochoa, Miguel Zamora, Felix Nieto, Benjamin Luna, all of whom will testify through a Spanish language interpreter. Defendants may also call Tiran Tsadok or Hayim Tsadok who will testify without an interpreter.

Defendants object to Plaintiff calling any impeachment witness for purposes of establishing Plaintiff's claims. Witnesses called for impeachment should be limited to the subjects that Plaintiff properly testified about. If Plaintiff needs evidence for an element of a claim asserted that Plaintiff cannot personally testify about, then Plaintiff's counsel should serve that person with a third party subpoena for trial.

**ix.** *Deposition Testimony*:

Not applicable.

*x.* *Exhibits*

Defendants agree to the following Exhibits:

| Exhibit | Description | Objection |
|---------|-------------|-----------|
| D-1 | Defendants' Responses and Objections to Plaintiffs' Interrogatories to Corporate Defendants | |
| D-2 | Defendants' Responses and Objections to Plaintiffs' Interrogatories to Individual Defendants | |
| D-3 | Defendant's Time Records Produced in Discovery | |
| D-4 | Affidavits of Service | |
| D-5 | Plaintiff's Complaint | |
| D-6 | Defendants' Answer | |
| D-7 | Plaintiff's Initial Disclosure | |
| D-9 | Defendant's Initial Disclosure | |
| D-10 | Plaintiff's Damages Calculations (January 18, 2017. | |

*xi.* <u>**Statement of Damages Claimed**</u>

Plaintiff has no damages because, at the close of discovery, Plaintiff did not have any evidence to prove any of Plaintiff's claims.

SO ORDERED:
Dated: New York, New York

_____, 2017

_____
Hon. Katherine P. Failla
United States District Judge