UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

DOMINGO CASTILLO MARCELINO, *individually
and on behalf of others similarly situated*,        No. 16 Civ. 6287 (KPF)

Plaintiff,

              -against-

374 FOOD, INC. (d/b/a TRIBECA BAGELS),
TIRAN TSADOK, and HAYIM TSADOK,
Defendants.
------------------------------------------------------------------X

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE ON PERSONAL JURISDICTION

The Individual Defendants, Tiran Tsadok and Hayim Tsadok, submit this memorandum of law in opposition to Plaintiff Domingo Castillo Marcelino's motion *in limine* (CM/ECF No. 39).

## I.   LEGAL STANDARD

A motion *in limine* refers "to any motion, whether made before or during trial, to exclude anticipated *prejudicial* evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 (1984) (emphasis added); *see also Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996).[1]  District courts have the authority to rule on motions *in limine* pursuant to their inherent authority to manage trials, even though such rulings are not explicitly authorized by the Federal Rules of Evidence. *See Luce*, 469 U.S. at 41 n.4.

Motions *in limine* are particularly useful for a jury trial as the judge seeks to protect the jury from hearing prejudicial evidence.  While it is true that the court can exclude relevant evidence if its probative value is substantially outweighed by unfair prejudice, Fed . R. Evid. 403, it is impossible to unring a bell completely.  "A judge's corrective statement will rarely completely cure the prejudicial damage created when improper information reaches the ears of the jury."  *United States v. Semensohn*, 421 F.2d 1206, 1209 (2d Cir. 1970).

In order to exclude evidence on motions *in limine*, the evidence must be inadmissible on *all potential* grounds. *See Luce*, 469 U.S. at 41 n.4.  Moreover, a ruling on a motion *in limine* is not necessarily a final one.  Trial judges are free to alter previous *in limine* rulings, within the bounds of sound judicial discretion. *See id.* at 41; *see also Palmieri*, 88 F.3d at 139 (holding that an "*in limine* evidentiary ruling does not constitute a final ruling on admissibility").

---

[1] The phrase "*in limine*" means "at the outset."  75 AM. JUR. 2D *Trial* § 94 (2007).

## II.  PLAINTIFF'S MOTION IN LIMINE SHOULD BE DENIED

In violation of Local Rule 7.1, Plaintiff's counsel did not file a memorandum of law in support of its motion.[2] Rather, Plaintiff's counsel simply filed a sparse five-paragraph "declaration" that states:

> 1. I am an attorney for Plaintiff in the above-captioned action, and I have personal knowledge of the matters stated below. I submit this declaration in support of Plaintiffs' motion to preclude Defendants from presenting any evidence at trial challenging service of process on that basis that such a defense has been waived pursuant to Fed. Rul. Civ. Pro 12(h)(1)(A) and (B).
>
> 2. It is the understanding of Plaintiff that Defendants intend to challenge the efficacy of service of process for the Defendants.
>
> 3. Yet, Defendants never made a motion to dismiss the complaint prior to entering a responsive pleading on that basis pursuant to FRCP 12(b) and, moreover, Defendants entered an answer that omitted any defense based on service of process from its recital of affirmative defenses. See Docket Entry 21 Defendants' Answer.
>
> 4. Wherefore, Plaintiff respectfully requests that the Court preclude the Defendants from offering any evidentiary material relating to service of process.
>
> 5. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

CM/ECF No. 39-1.

Plaintiff's motion should be denied for the simple reason that Plaintiff's counsel does not address what *prejudicial evidence* he seeks to preclude. He merely does not want a potentially disputed issue addressed by the Court. But this argument can and should be address in post-trial briefing. The trial is intended to be a presentation of the evidence, not an opportunity for final

---

[2] *See* Local Rule 7.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, at 24-25 (". . . . all motions shall include the following motion papers . . . (1) A notice of motion . . . . (2) A memorandum of law . . . (3) Supporting affidavits and exhibits . . . .") *available at* http://nysd.uscourts.gov/rules/rules.pdf.

2

legal argument. Indeed, such briefing will give Plaintiff's counsel the opportunity to present legal arguments and authorities (now missing) for any argument that counsel wishes to make.

Moreover, Plaintiff's counsel misses the fundamental point that the affidavit of service is classic hearsay: It is an out-of-court statement presented for the truth therein. To the extent that Plaintiff's counsel intends to introduce the affidavit – purportedly served "Albert Smith" who was "co-worker" to the Individual Defendants – as evidence for any reason then Plaintiff's counsel must present the person who executed the affidavit for cross-examination. Otherwise, the affidavit is inadmissible. Plaintiff's counsel cannot avoid this basic requirement of the Federal Rules of Evidence by making a motion *in limine* to exclude Defendants from presenting evidence.

### III. CONCLUSION

For the reasons above, the Individual Defendants submit that the Plaintiff's motion *in limine* be denied.

Date:  June 27, 2017

Respectfully submitted,

*Brian Lehman*
_____
Brian Lehman
Lehman LG LLC
244 Fifth Ave., Suit B258
New York, NY 10001
brian@lehmanlawgroup.com
(724) 453-2626

## CERTIFICATION OF SERVICE

I hereby certify that on June 27, 2017, I electronically filed the foregoing with the Clerk of the Court for the Southern District of New York by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*Brian Lehman*
_____
Brian Lehman
