```
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x
 3   DOMINGO CASTILLO MARCELINO, et
     al.,
 4
                    Plaintiffs,            New York, N.Y.
 5
              v.                           16 Civ. 6287(KPF)
 6
     374 FOOD, INC., et al.,
 7
                    Defendants.
 8
     ------------------------------x
 9
                                           January 4, 2017
10                                         3:35 p.m.

11   Before:

12                  HON. KATHERINE POLK FAILLA,

13                                         District Judge

14

15
                             APPEARANCES
16

17
     MICHAEL FAILLACE & ASSOCIATES, P.C.
18        Attorneys for Plaintiffs
     BY:  SHAWN R. CLARK
19

20   LEHMAN LG, LLC
          Attorneys for Defendants
21   BY:  BRIAN E. LEHMAN

22

23

24

25
```

h142marC

1              (Case called)
2              MR. CLARK:  Shawn Clark, Michael Faillace &
3     Associates.  Good afternoon, your Honor.
4              THE COURT:  Good afternoon, thank you, and Happy New
5     Year.
6              MR. CLARK:  And you, as well, your Honor.
7              MR. LEHMAN:  Brian Lehman for the defendants.
8              THE COURT:  Thank you both.
9              We are here for an initial pretrial conference to
10    begin the new year.
11             Mr. Clark, what should I know about this case that I
12    don't know from the materials that have been submitted to me
13    thus far.
14             MR. CLARK:  Your Honor, I do believe that this is a
15    fairly routine FLSA case.  It is a relatively limited period of
16    time.  I have been in contact with the defendants; and
17    hopefully, with the exchange of initial disclosures and the
18    like, we would be in a good position to potentially start
19    talking about settlement.
20             THE COURT: Yes.  You are tempting me.  I may have
21    missed this in the parties' submission to me, but was there any
22    discussion about a 216(b) motion or at this time are you not
23    thinking of one?
24             MR. CLARK:  I don't think that we are going to be
25    seeking one.  I have spoken with the client, and I think that

1    for the best possible recovery in this case, it would be good
2    to proceed just as an individual action rather than a
3    collective action.
4            THE COURT:  Then I won't be scheduling such a motion
5    and I won't be asking Mr. Lehman to let me know whether he
6    consents to a stipulation in that regard.  Thank you for
7    letting me know.
8            Mr. Lehman, what should I know, from your perspective,
9    please?
10           MR. LEHMAN:  I think, if it is not going to be a
11   collective action, the main point of contention is going to be
12   how long did the plaintiff work there.  My client's position is
13   that he was only there for six weeks, and I think it was pled
14   that he was there for a year.
15           THE COURT:  I have, from the pleadings, perhaps, the
16   note I took down was September 2015 through April 2016.
17           MR. LEHMAN:  Yes, and my client just told me
18   repeatedly that that's not correct.
19           THE COURT: All right.  I'll bite.  How can that be?
20   Is it a situation where he just stopped showing up or how does
21   your client know that that's just -- he was only there for six
22   weeks?
23           MR. LEHMAN:  Obviously without talking about evidence,
24   my understanding is that he was hired briefly because they had
25   a slight influx, and he was only going to be there for a week.

h142marC

1  It might have lasted a little bit longer, but it wasn't a
2  long-term job.  I don't know why the plaintiff pled that he
3  worked there for so long, but I have had repeated conversations
4  with my client, and he has assured me that it was only, at
5  most, six weeks.
6              THE COURT:  And just for my own edification, he
7  indicated, "he" being the plaintiff in this case, indicated
8  that he worked regularly 12 hours a day and 73 approximately
9  per week.  I don't know where your client's business is,
10 although I should, given its proximity to this courthouse, but
11 is it open 12 hours a day?
12             MR. LEHMAN:  I don't know when it's open.  My
13 understanding from talking with people there is that, at most,
14 if he worked overtime on any single day would be three hours,
15 so we are looking at three times six, which was at most, we
16 think, 56 hours.
17             THE COURT:  Was he paid on a shift basis?  That was
18 the other allegation I thought I understood, that he was
19 claiming that he was receiving per day he worked $100.  Do you
20 know at this time?
21             MR. LEHMAN:  I don't know my.  Sense is the answer to
22 that is probably yes, but I just don't know.
23             THE COURT:  He is not a tipped employee, is he?
24             MR. LEHMAN:  Not a tipped employee.
25             THE COURT:  That is helpful to me.

1              Have you had enough of an opportunity to talk to
2    Mr. Clark about whether it would be useful, productive,
3    whatnot, to have you all meet at some point with magistrate
4    Judge Peck or with the mediator, or do you think that both of
5    you being practiced enough in this field are able to have those
6    discussions without the assistance of a third party?
7              MR. LEHMAN:  Either way.  I am happy to have a
8    magistrate judge.  I am also happy to talk about settlement.
9    My client has made it clear to me that if he is owed something
10   more, then he will be paid that, including if there is legal
11   liabilities for the time in question.  It is not a question of
12   resistance to that.  If the magistrate judge could help, then
13   we are more than happy to do that.
14             THE COURT:  Mr. Clark, given that statement, do you
15   have a view on this issue?
16             MR. CLARK:  I'm certainly happy meeting with a
17   magistrate for a settlement conference.  Certainly before that
18   time I would like to have a better sense of what records, if
19   any, exist.  Certainly that.  If there are records that could
20   potentially speak to this date issue, I myself have also
21   consulted with my client, and he insists that he worked around
22   six months there, starting in September.  So if there are any
23   records, even if they are limited sets of records speaking to
24   the time period that defendants allege he did work there, that
25   would be helpful for, I think, examining this issue, as I don't

1   want to just go to a settlement conference and have dueling
2   arguments based on evidence I haven't seen yet.
3           THE COURT:  Of course, of course.
4           Does it make sense, therefore, for me to issue a
5   referral order now for the parties to have during the pendency
6   of fact discovery?  I will just have it indicate that the
7   parties are to contact Judge Peck at their convenience.  I will
8   let him know -- because he will get an ECF alert that the order
9   has been issued -- that there is not a date that is certain;
10  it's really more to have if the parties' current discussions
11  look to or are in a position where they would benefit from his
12  assistance?
13          MR. CLARK:  That sound perfect, your Honor.
14          THE COURT:  Okay.  That is what I will do.
15          Yes, sir.
16          MR. LEHMAN:  The only slight suggestion, and I will
17  defer to counsel, sometimes it is easier if there is a date and
18  then we opt out, just so that there is a time that we could
19  have it.  Because my experience is it kind of gets pushed on if
20  there isn't a specific day where we are supposed to talk with
21  Judge Peck about settlement.
22          THE COURT:  Very fair. Here is the point.  All that I
23  can do from this perspective is give you basically the
24  permission slip that lets you get before Judge Peck.  You are
25  more than welcome to set up a conference if either or both of

1   you feel that your clients would benefit from having a date
2   certain by which something must get done.  What I don't have
3   the ability to do is to actually do that.
4        I can, if it would be of any assistance, indicate that
5   you all have 60 days?  Rather than at your convenience, I could
6   say that you will get in touch with him on or before 60 days
7   from today?
8        MR. LEHMAN:  That is what I would like.
9        MR. CLARK:  I have no issue with that, your Honor.
10        THE COURT:  That's fine.  Then there will be fire
11  under someone's feet or feet under someone's fire as the case
12  may be.  I can do that.
13        That to the side, looking at the parties' case
14  management plan and understanding that I don't have a 216(b)
15  motion to complicate things, it does seem to me that fact
16  discovery can be concluded by May 4.  I don't think there is
17  going to be a problem in that regard.
18        What I am going to do is to have on my calendar and
19  enter into the case management plan a post fact discovery
20  conference, probably around the 16th or 17th of May, a week or
21  two later.  If you all have not resolved the case by then, you
22  will come before me.  I will not castigate you.  I will simply
23  find out what's going on.  I will, however, castigate you if
24  fact discovery is not concluded by that date.  Mr. Clark knows,
25  not from personal experience, but just from being before me, I

1  care about deadlines.  I am one of those judges.  But you will
2  confirm for me that fact discovery is concluded.  We will see
3  if expert discovery is even needed in this case.  I'm not sure
4  that it is.  It doesn't strike me that it is.  We can talk
5  about dispositive motion practice, if that's something that
6  counsel thinks will be useful, or we can set a trial date.  But
7  my expectation is that in this 120-day period, you will gain
8  clarity as to the case and you will go before Judge Peck or not
9  and work it out.  Let me just say my expectation.  I'm not
10 going to say it is a directive at this point today.  It is only
11 an expectation.  My expectation is that in the first 30 days
12 the parties are going to have meaningful discussions and
13 exchanges of documents.  I would be sad if it wasn't until day
14 90 that folks were actually talking about exchanging materials.
15 So I have seen the interim deadlines you have placed in the
16 case management plan and they look fine to me, but if anyone is
17 less than responsive on the issue of exchanging materials and I
18 can be of assistance, you will let me know, because I am happy
19 to be of assistance.
20          That is in fact all I have got on my list.  This seems
21 pretty, I don't want to say routine, because that would
22 minimize it, but it is something that I think each of us in
23 this room has dealt with before.
24          Mr. Clark, anything I am not addressing today?
25          MR. CLARK:  Nothing from the plaintiff, your Honor.

h142marC

1  Thank you.
2              THE COURT:  Mr. Lehman, anything else?
3              MR. LEHMAN:  We are good.  Thank you, your Honor.
4              THE COURT:  Thank you all.
5                             - - -