# Lehman Law Group

April 3, 2018

*Via ECF*

Hon. Katherine Polk Failla
United States District Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

> **Re:   Motion to Disqualify Opposing Counsel in *Marcelino v.
> 374 Food, Inc. et al.*, 16-Civ-06287-KPF**

Judge Failla:

I am counsel for Defendants. I write to respectfully move for the Court
to disqualify opposing counsel from representing Plaintiff due to the conflict
of interest between Plaintiff and his counsel given this Court's finding that
the Plaintiff committed perjury during the trial. I also request that the Court
exercise its discretion under Title 28, United States Code, Section 1915(e)(1)
and seek to obtain *pro bono* counsel for Plaintiff if he is unable to afford
counsel. *See Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 174 (2d Cir. 1989).

On March 27, 2018, this Court held that Plaintiff committed perjury
during the trial (Dkt. No. 59). The Court ordered counsel Plaintiffs to submit
briefs responding to three questions about sanctions that might be imposed
on Plaintiff, Plaintiff's counsel or both.

While the parties are briefing these issues, there is no doubt that the
Court has the inherent power to sanction Plaintiff for his perjury including
dismissal of his complaint. *See* Jonathan M. Stern, *Untangling a Tangled
Web Without Trial: Using the Court's Inherent Powers and Rules to Deny a
Perjuring Litigant His Day in Court*, 66 J. AIR L. & COM. 1251 (2001). The fact
that the Court has the power, however, does not mean such power should be
exercised. The remedy would depend on a number of factors including the
relevant case law and the underlying facts of what occurred, the latter of
which involves documents prepared by his attorneys and conversations that
he had with them including instructions and warnings.

To give one example, the Court found as a fact the "wholly implausible
testimony concerned the date of termination of Plaintiff's employment." Dkt.
at 11. "Plaintiff recalled it to be April 20, 2016, the same date recited in his

# Lehman Law Group

Complaint." *Id.* "Plaintiff was adamant on this last point, until he was confronted with the consent-to-join form that he had signed in connection with the instant lawsuit, which was also dated April 20, 2016." *Id.* Plaintiff further "testified that he had never read the Complaint with which his consent form was affiliated, and had never had it translated into Spanish." *Id.* at 11 -12. Counsel drafted the Complaint including that date.

Plaintiff may have falsely stated that he never read the Complaint. Or Plaintiff may well be telling the truth. On this point, at least one prior client of the Plaintiff's firm testified that he was not given a complaint in his native language and the firm was subsequently sanctioned. *See* Dkt. No. 36, *Comonfort v. Les Brasseurs, Inc. d/b/a La Mangeoire*, No. 16 Civ. 6389 (AJP) (May 24, 2017) (letter from Defense Counsel to the Hon. Andrew Peck) (attached to letter).

If Plaintiff is lying, this is a fact that should weigh in the sanction as it would mean he was attempting to shift the responsibility for his lying to his attorneys. If he is telling the truth, then Plaintiff's firm may have committed ethical violations, to say the very least. Plaintiff and Plaintiff's counsel have the incentive to shift the blame to each other.

Lawyers appearing in this Court are required to comply with the New York Rules of Professional Conduct ("New York Rules"). *See* SDNY Local Rule 1.3(a). Rule 1.7 bars lawyers from representing a client "if a reasonable lawyer would conclude that . . . the representation will involve the lawyer in representing differing interests." New York Rules 1.7(a)(1). "Differing interests" are defined in Rule 1.0(f) to include "every interest that will adversely affect either the judgment or the loyalty of a lawyer to a client, whether it be a conflicting, inconsistent, diverse or other interest."

Rule 1.7 also bars lawyers from representing a client if "there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer." New York Rules 1.7(a)(2). Plaintiff's perjury creates a concurrent conflict of interest between Plaintiff and his counsel. I have given one example and believe there are other areas of testimony that create the same conflict.

In addition, it must be stressed that Plaintiff's perjury may subject him to criminal liability as well as problems with his status under immigration law. There are three general federal perjury laws. One, 18 U.S.C. 1621, outlaws presenting material false statements under oath in

# Lehman Law Group

federal official proceedings. A second, 18 U.S.C. 1623, bars presenting material false statements under oath before or ancillary to federal court or grand jury proceedings. A third, 18 U.S.C. 1622 (subornation of perjury), prohibits inducing or procuring another to commit perjury in violation of either Section 1621 or Section 1623. The last statute would apply if there is evidence that someone induced the Plaintiff to commit perjury, which in itself could implicate other people, including Plaintiff's counsel, depending on how and why Plaintiff decide to commit perjury.

Violations of these statutes are considered crimes of moral turpitude that can have serious immigration consequences. For example, it may be that this Court's finding could render Plaintiff inadmissible to the United States as even admitting one committed a crime of moral turpitude (without conviction) can trigger inadmissibility and denial of status of lawful permanent resident.

While I believe that Plaintiff should bear the consequences of lying to this Court, any sanctions or remedies fashioned should be done with due process of law, which in this case should include a lawyer or law firm that does not have a concurrent conflict. My hope is that opposing counsel will agree that Plaintiff should have new counsel moving forward.

To the extent that opposing counsel disagrees, I request that opposing counsel be ordered to satisfy Rule 1.7(b), which allow representation to continue if "each affected client gives informed consent, confirmed in writing." New York Rules 1.7(b)(4). In this case, at the very least, Plaintiff should provide to the Court informed consent in writing to the Court, which would seem to necessitate that opposing counsel inform Plaintiff of (a) why there is a conflict, (b) what the potential consequences are to him, and (c) his ability to reach out to potential *pro bono* organizations such as Legal Aid or Catholic Charities to obtain free counsel or even retain his own counsel should he be able to afford it. The Court may well want to review the matter at a hearing to ensure that Plaintiff's written consent is informed.

Sincerely,

/s/ *Brian Lehman*

Lehman LG LLC

Counsel for Defendants

cc:  all counsel by ECF

244 5th Avenue, Suite B258 • New York, NY 10001
Phone 724-453-4626 (724LEHMAN)

3