# MCLAUGHLIN & STERN, LLP
**FOUNDED 1898**

**BRETT R. GALLAWAY**
Partner
bgallaway@mclaughlinstern.com
(212) 448-1100

260 MADISON AVENUE
NEW YORK, NEW YORK 10016
(212) 448–1100
FAX (212) 448–0066
www.mclaughlinstern.com

MILLBROOK, NEW YORK
GREAT NECK, NEW YORK
WEST PALM BEACH, FLORIDA
NAPLES, FLORIDA

May 24, 2017

**By ECF**
Judge Andrew J. Peck
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007
Fax: (212) 805-7933

    Re:    *Comonfort v. Les Brasseurs, Inc. d/b/a La Mangeoire,*
           16-cv-6389(AJP)

Dear Judge Peck:

    Our firm is counsel for Defendants in the above-referenced action. We write pursuant to Your Honor's Individual Rules of Practice §1(A) to alert the Court of an extremely troubling development that arose during the May 17, 2017 deposition of Plaintiff, Albino Comonfort. As the Court may recall, this is a single plaintiff Fair Labor Standards Act ("FLSA") litigation in which the parties consented to hold all future proceeding before Your Honor. *See* Dkt. No. 29. The parties agreed to hold all proceedings before Your Honor during a March 28, 2017 mediation in which all parties appeared and Plaintiff was represented by his counsel, Marisol Santos who purportedly translated the entire March 28, 2017 mediation to her client in Spanish, the only language that Plaintiff's counsel admits she, or any other lawyer from her office, ever spoke to Plaintiff. The disturbing issue that arose during the May 17, 2017 deposition is that Plaintiff admitted, under oath, that he does not understand Spanish. Rather, Plaintiff speaks an alternative Spanish dialect called Mezteco, which prevented him from answering even the simplest questions through a Spanish translator during the deposition.

    Mr. Comonfort's lack of understanding of even simple Spanish undermines his entire case, and conclusively establishes that he has no knowledge of the meaning of his Complaint or the veracity of any of the allegations set forth in it. The proceedings to date including the mediation and our attempt at a deposition have been by Plaintiff's own admission a complete charade orchestrated by Plaintiff's counsel.

    Before we commenced the deposition, Plaintiff's counsel, Ms. Santos, confirmed that Plaintiff would require a Spanish (not Mezteco) translator. *See* Exhibit A. I understood a Spanish translator to be necessary because in addition to the filing of the Complaint (of which no Spanish

McLaughlin & Stern, LLP

Judge Andrew J. Peck
May 24, 2017
Page 2

versions were ever produced or filed), Plaintiff appeared for a mediation before Your Honor and represented to the Court through his counsel, that he spoke and understood Spanish, a statement we now know to be wholly untrue.

Furthermore, Plaintiff's counsel violated a strict directive from Your Honor's Order for Settlement Conference, which specifically states that "[i]f the client does not speak English, counsel for the client must bring an interpreter to the conference." *See* Dkt. No. 28, Fn. 1. Neither Plaintiff, nor his counsel had a Mezteco interpreter present at the mediation.

Importantly, Plaintiff's counsel confirmed that all attorneys from her office have only communicated with Plaintiff in Spanish at all times prior to and throughout the litigation, a language that he admitted under oath he barely understands. This level of deceit cannot be countenanced.

At the outset of Plaintiff's deposition and after Plaintiff was sworn, the following questions and answers were transcribed:

**Q.** What don't you understand about my question?

**A.** Because I also don't understand Spanish very well, that is why. I understand but a little, not too much.

**Q.** What is your native language?

**A.** Mezteco []. I don't speak too much Spanish.

**Mr. Gallaway:** Counsel, why do we have a Spanish translator here today for an individual that does not speak Spanish?

**Ms. Santos:** Because we have only spoken to him in Spanish. No one in our firm speaks anything else.

**Q.** Mr. Comonfort, you are here today for a deposition. You have – you understand that, right?

**A.** When they speak Spanish to me a little bit, yes, yes, a little.

**Q.** You only understand a little of what your attorney tells you?

**A.** Spanish. Spanish, yes, but not too much. I understand a little, not too much.

**Q.** Let me repeat my question to you. Your attorney represented on the record that they only speak Spanish to you. You testified that you don't understand Spanish that well. My question is, do you only understand part of what your attorney and you discuss?

**A.** Yes, not too much, a little. I hardly speak Spanish.

McLaughlin & Stern, LLP

Judge Andrew J. Peck
May 24, 2017
Page 3

> Q. Okay. So you filed a lawsuit speaking to your lawyers presumably prior to you filed the lawsuit in Spanish, a language that you don't even really understand, correct?
>
> A. No. My language -- I don't speak my language with her, no. No. She only speaks Spanish, just Spanish.
>
> Q. I am asking very simple questions, Mr. Comonfort, I would like you to listen to my questions and I will keep them very simple. Did you or did you not testify that you do not understand Spanish that well?
>
> A. No.
>
> Q. No, you do not understand Spanish that well, correct?
>
> A. No, yes, I don't understand it very well. The truth is I don't understand a lot, just a little.
>
> Q. And Mr. Comonfort, you have only conversed with your lawyers in this case in Spanish, correct?
>
> A. Yes. I speak Spanish but not too much.
>
> Q. So it is true that you don't understand much of what your attorneys in this case have discussed with you, correct?
>
> A. That is the truth. I don't understand Spanish too much, not too much, not too much.

*See* Exhibit B, 9:3-10:21: 11:6-11:23; 12:19-12:24.

Alarmingly, given Plaintiff's testimony that he did not understand what his attorneys discussed with him, it is abundantly clear his counsel either: 1) filed a Complaint based on allegations that the Plaintiff did not understand and could not have communicated to his attorneys much less verify them; or 2) Plaintiff lied under oath about his inability to speak Spanish during his deposition [and the mediation]; or 3) both.

The incontrovertible fact here is that the Complaint is a sham, and that we and the Court are being deceived. The Plaintiff's own sworn to admissions about his language deficiencies coupled with Ms. Santos' honest admission that she and her office only spoke Spanish to the Plaintiff, raise serious ethical issues which require further investigation, if not an outright dismissal of the Complaint. Our client has already expended considerable funds to defend himself against a truly fictional complaint, and the Court has already devoted judicial resources to resolve what is in fact a set of allegations which could not have been sourced from this Plaintiff. The prejudice here is palpable. In an effort to try and ameliorate that prejudice, Plaintiff's counsel offered to pay all costs associated with the May 17, 2017 deposition but not any of Defendants' legal fees for

McLaughlin & Stern, LLP

Judge Andrew J. Peck
May 24, 2017
Page 4

preparing for and conducting what turned out to be meaningless undertaking in so far as fact finding was concerned. *See* Exhibit B at 15:6-19:6.

 This offer does not cure the now transparent abuses inflicted upon Defendant.

 It is respectfully requested that the matter be conferenced as soon as possible by the Court.

 We do want an opportunity to raise with the Court the issue of costs and sanctions and the possibility that under the circumstances a motion to dismiss and/or a motion for summary judgment may be in order.

 Lastly, discovery is currently scheduled to close on May 29, 2017. *See* Dkt. No. 20. Given the above, we would ask that the discovery deadline be stayed until the Court has had time to consider this letter.

             Respectfully submitted,

             Brett R. Gallaway, Esq.

CC via ECF: Plaintiff's counsel