# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 East 42nd St.  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

April 6, 2018

**BY ECF & ELECTRONIC MAIL**  
Honorable Katherine Polk Failla  
United States District Judge  
United States District Court  
Southern District of New York  
40 Foley Square  
New York, NY 10007

      Re:    Castillo Marcelino et al. v. 374 Food, Inc., et al.,  
                16 Civ. 6287 (KPF)

Your Honor:

      I am an attorney with the office of Michael Faillace & Associates, attorneys for Plaintiff in the above-referenced matter. Plaintiff writes in opposition to Defendants' April 3, 2018 letter motion to disqualify Plaintiff's counsel in this matter. Defendants' letter motion should be denied because any conflict of interest herein is speculative at this time and Defendants have not met the heavy burden required to warrant disqualification of counsel. The Court should deny Defendants' motion on the additional grounds that it is procedurally inadequate.

      Although district courts have discretion to disqualify attorneys, disqualification "is a 'drastic measure' that is viewed with disfavor in this Circuit." *Ritchie v. Gano*, 2008 U.S. Dist. LEXIS 67770, *6, 2008 WL 4178152 (S.D.N.Y. Sept. 8, 2008). Such motions are generally "viewed with disfavor," *Mori v. Saito*, 785 F. Supp. 2d 427, 432 (S.D.N.Y. 2011), and the moving party carries a "heavy burden" to satisfy "a high standard of proof." *Paretti v. Cavalier Label Co.*, 722 F. Supp. 985, 987 (S.D.N.Y. 1989) (quoting *Evans v. Artek Sys. Corp.*, 715 F.2d 788, 791-92 (2d Cir. 1983) *See also Scantek Med., Inc. v. Sabella*, 693 F. Supp. 2d 235, 238(S.D.N.Y. 2008) ("In view of their potential for abuse as a tactical device, motions to disqualify opposing counsel are subject to particularly strict scrutiny." "Mere speculation will not suffice.") Courts in this circuit disfavor such motions because "disqualification has an immediate adverse effect on the client by separating him from counsel of his choice" and "even when made in the best of faith . . . inevitably cause delay." *Bd. of Ed. Of City of New York v. Nyquist*, 590 F.2d 1241, 1246 (2d Cir. 1979). In addition, a party that has no present or former attorney-client relationship typically does not have standing to seek disqualification due to alleged conflicts of interest. *See, e.g.*, *A.F.C. Enters., Inc. v. New York City Sch. Constr. Auth.*, 33 A.D.3d 736, 823 N.Y.S.2d 433, 434 (2006) (citations omitted) ("Since the defendant is neither a present nor a former client of the subject attorneys, it has no standing to seek disqualification based on conflict of interest."); *see also Signature Apparel Grp. LLC v. Laurita* (*In re Signature Apparel Grp. LLC*), Nos. 09-15378 (JMP), 11-02800 (JMP), 2013 Bankr. LEXIS 3748 (U.S. Bankr. S.D.N.Y. Sep. 10, 2013).

      Defendants argue that a conflict between Plaintiff and his counsel exists under the terms of Rule 1.7 of the New York Rules of Professional Responsibility because the Court ordered the

parties to submit briefs responding to three questions concerning potential sanctions on Plaintiff or Plaintiff's Counsel. Defendants asserts that because there may be consequences to both Plaintiff and his counsel as result of the parties' briefing on potential sanctions, a conflict has developed.

Defendants' argument would appear to suggest that a conflict requiring disqualification exists whenever a party and his attorney are the subject of potential, rather than actual, sanctions. This is not the case. The Court's decision in *Thurmond v. Bowman*, No. 14-CV-6465W, 2016 U.S. Dist. LEXIS 45296 (W.D.N.Y. Mar. 31, 2016) is instructive on this point.  There, defendants simultaneously sought sanctions against a plaintiff and his attorney as well as disqualification of counsel based on alleged spoliation of evidence.  Defendants argued that since both plaintiff and his counsel could be potentially liable for sanctions, a conflict of interest had developed. The Court rejected defendants' motion for disqualification. The Court noted that the conflict was speculative and that the Court  could consider the disqualification motion in the context of the sanction motions itself. *See Baker v. Dorfman*, 2000 U.S. Dist. LEXIS 10142, 2000 WL 1010285, *10 (S.D.N.Y.) ("counsel appeared to argue that any motion for sanctions directed against both client and attorney itself creates a conflict of interest[;] [i]f this were true, then the sanctions regime, intended in large part to deter vexatious and dilatory litigation tactics, would itself be another weapon in the arsenal of an attorney or litigant seeking to delay: any motion for sanctions would provide grounds for counsel to withdraw, thus causing further delay"), *aff'd in part and vacated in part on other grounds*, 232 F.3d 121 (2d Cir. 2000); *cf.* Fed. R. Civ. P. 11(b) and (c) advisory committee's note to 1993 amendment ("the court may defer its ruling (or its decision as to the identity of the persons to be sanctioned) until final resolution of the case in order to avoid immediate conflicts of interest and to reduce the disruption created if a disclosure of attorney-client communications is needed to determine whether a violation occurred or to identify the person responsible for the violation").

Defendants' letter motion should also be denied on the grounds that it is procedurally improper. Pursuant to Rule H of Your Honor's Individual Rules of Practice in Civil Cases, letter motions may be filed via ECF if they comply with Local Rules and the S.D.N.Y. Electronic Case Filing Rules and Instructions. Letter motions are permitted pursuant to Local Rule 7.1(d) of the Local Rules, and are limited to "[a]pplications for extensions or adjournments, applications for a pre-motion conference, and similar non-dispositive matter as permitted by the instructions regarding ECF published on this website of each respective Court." ECF in the Southern District of New York does not permit filers to file disqualification motions as letter motions using the motion event. Instead, it appears the Defendants' motion was filed as a letter. This ECF event instructs filers "DO NOT USE THIS EVENT TO FILE A LETTER MOTION (a letter making an application/request to the Court)." Accordingly, any motion to disqualify should have been served and filed pursuant to the requirements of Local Civil Rules 6.1 and 7.1, and not by letter motion.

For all the foregoing reasons, Plaintiff respectfully requests the Court deny Defendants' motion. Plaintiff thanks the Court for its time and attention to this matter.

                                                    Respectfully Submitted,

                                                    _____/s/_____
                                                    Shawn Clark
                                                    Michael Faillace & Associates, P.C.
                                                    *Attorneys for Plaintiff*

cc: (By ECF)
Brian Earl Lehman
Lehman Lg LLC
47-39 Vernon Blvd., 3r
Long Island City, NY 11101
*Attorneys for Defendants*