April 30, 2018

*Via ECF*

Hon. Katherine Polk Failla
United States District Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

>      Re:   Request for Fact Hearing or, in the alternative, a one-
>            week extension in *Marcelino v. 374 Food, Inc. et al.*, 16-
>            Civ. 06287-KPF

Judge Failla:

I am counsel for Defendants in the above-action case. I write in response to the Court's Opinion and Order (Dkt. # 59) and in anticipation of the conference tomorrow at May 1, 2018, at 3:00 p.m.

For the reasons below, Defendants move for their answers to be held in abeyance until a factual record is made. In the event that this request is denied, Defendants request a one-week extension to respond until Monday, May 7, 2018. While I request the opportunity to address the need for a factual record at tomorrow's conference in order to answer the Court's questions (Dkt. # 59 at 51), I briefly outline the problems I have encountered in answering the Court's questions.

### A Complete Order on Sanctions Cannot Be Made Without More Factual Information

The key unanswered question is what role did Plaintiff's counsel have in perpetrating the perjury, and related material misstatements in various court papers, throughout the course of the litigation?

If Plaintiff is solely responsible for the fraud on the Court, then Plaintiff's counsel should not be held responsible. Plaintiff may be held responsible under the Court's inherent power or under a narrow exception in Rule 11 if the Court finds that a party – not the attorney – is "responsible" for the rule's violation. *See* Fed. R. Civ. P. 11(c)(1). An obvious example might be

1

where a party fabricated evidence, which the attorney reasonably relied on and then gave to the Court.[1]

On the other hand, if Plaintiff's counsel acted unreasonably under the circumstances, turned a blind eye to red flags, or explicitly encouraged the false representations, Plaintiff's counsel should be held responsible in an appropriate manner depending on the degree of culpability.

If there is misconduct, Plaintiff's counsel could be sanctioned Rule 11 of the Federal Rules of Civil Procedure ("Federal Rules"), the Court's inherent power, or 28 U.S.C. § 1927 ("Section 1927"). As explained below, Rule 11 has the lowest standard of culpability – at least in the Second Circuit. But whether counsel should be sanctioned under this provision cannot be determined without a developed factual record.

### **Rule 11's requirements**

"A pleading, motion or other paper violates Rule 11 . . . where, after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact . . . ." *Kropelnicki v. Siegel*, 290 F.3d 118, 131 (2d Cir. 2002) (internal quotation marks omitted). Rule 11 imposes this obligation whenever counsel presents a pleading, written motion, or other paper to the Court. *See* Fed. R. Civ. P. 11(b). "[P]resenting" a paper includes not just signing it but also "filing, submitting, or later advocating" the position taken in the paper in Court. *See id.*; *see generally* Robert L. Carter, *The History and Purposes of Rule 11*, 54 FORDHAM L. REV. 4 (1985).

Nonetheless, Defendants do not believe they can file a Rule 11 motion now that the Court has had a bench trial issued its findings of facts due to Rule 11's safe harbor provision that allows the alleged violation to be corrected after receiving notice from an opposing party.

Sanctions may be ordered if the court, on its own initiative, enters an order describing the offending conduct and directing the offending parties to show cause why Rule 11 has not been violated. *See* Fed. R. Civ. P. 11(c)(1)(B). When a Court enters an order to show cause, the safe harbor does not apply.

I respectfully decline to describe the conduct by Plaintiff's counsel that I believe may have violated Rule 11 because to do so would amount to an end-run around Rule 11's safe harbor provision. The drafters of Rule 11 elected to provide two manners by which attorneys might be sanctioned. Sanctions

---

[1] Putting aside this one exception, Rule 11 only applies to attorneys or *pro se* litigants, and by its plain language, 28 U.S.C. § 1927, only applies to attorneys or those authorized to practice before the courts. *See Enmon v. Prospect Capital Corp.*, 675 F.3d 138, 144 (2d Cir. 2012).

2

under Rule 11 would tainted if I described the conduct or included the relevant case law – all while saying I was not making a motion, but (hint-hint, nudge-nudge) the Court could *sua sponte*.

### The Court's Inherent Power and Section 1927
### Allow for Discovery and a Fact Hearing

The Court has the inherent power to sanction the Plaintiff and Plaintiff's counsel, which includes "the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991). A federal court's inherent authority to sanction is limited to the harm incurred because of the misconduct. *See Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1184 (2017). The sanction must be compensatory, rather than punitive. *See id.*

Because there is no factual record on Plaintiff's counsel's misconduct, if any, Defense counsel is unable to answer the Court's questions. Without a factual record, Defense counsel does not believe the Court can insure that any sanction against Plaintiff will be compensatory, rather than punitive for the other person's misdeeds.

However, the "inherent power of a federal court to investigate whether a judgment was obtained by fraud, is beyond question." *Universal Oil Co. v. Root Refining Co.*, 328 US 575, 580 (1946). "The power to unearth such a fraud is the power to unearth it effectively." *Id.*

For example, courts have been known, in appropriate cases, to allow a year of discovery followed by a multiple day hearing. *See JTR Enterprises, LLC v. An Unknown Quantity of Colombian Emeralds, Amethysts and Quartz Crystals*, 93 F. Supp. 3d 1331 (S.D. Fla. 2015), *aff.'d sub nom JTR Enterprises, LLC v. Columbian Emeralds*, 697 F. App'x 976 (11th Cir. 2017). As the Court in *JTR Enterprises* noted: "One of the greatest transgressions that can be committed against a federal court is to knowingly perpetrate a fraud and to commandeer and manipulate the legal processes to do so." 93 F. Supp. 3d at 1333.

The need for discovery, or at the very least, a fact hearing is especially needed here because the Second Circuit requires a finding of bad faith in order to sanction under the Court's inherent power or Section 1927. *See S. New. Eng. Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010) (inherent power); *In re Pennie & Edmonds LLP*, 323 F.3d 86, 91 (2d Cir. 2003) (Section 1927). While there may be many red flags, there is no evidence in the current record that Plaintiff's counsel acted in bad faith. For this reason, at the very least, a fact hearing is needed.

Finally, Defendant respectfully reserves the right to challenge the Second Circuit's requirement of bad faith on appeal before the Second Circuit *en banc* or before the Supreme Court. As Judge Richard Sullivan noted at the beginning of this year, "this requirement of bad faith is in considerable tension with the Supreme Court's inherent-sanctioning-power jurisprudence." *Azkour v. Haouzi*, No. 11 Civ. 5780 (RJS), Dkt. #302 (S.D.N.Y. Jan. 18, 2018).[2]

Likewise, the Second Circuit's position on Section 1927 is in the minority with the Third Circuit as the First, Fourth, Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits have found bad faith is not a predicate to imposing § 1927 sanctions. *See, e.g.*, *E.E.O.C. v. Great Steaks, Inc.*, 667 F.3d 510, 522 (4th Cir. 2012). The requirement of bad faith may also not comport with Congress's original intent. *See generally* Kevin J. Henderson, *When is an Attorney Unreasonable and Vexatious?*, 45 WASH. & LEE L. REV. 249 (1988).

Nonetheless, the Second Circuit's requirements are binding on this Court and appropriate findings of fact would need to be made by the Court as to whether Plaintiff's counsel acted in bad faith or if it was mere negligence, recklessness or a form of culpability that might be less than bad faith.

## A Fact Hearing Should Also Allow Mr. Tsadok to Address the Court

Litigation is expensive in terms of time, effort, money, and emotional strain to the defendants and witnesses. Indeed, from the beginning, Tiran Tsadok has asked to address the Court. This is why Mr. Tsadok attended the initial pre-trial conference. *See* Dkt. #50 at 3 ("Yes, and my client just told me repeatedly that that's not correct."). While Mr. Tsadok came to the hearing and repeatedly asked me to talk with the Court, I explained to him that he was not allowed to.

It is the nature of our legal system that only admitted counsel may address the Court and for good reasons. Nonetheless, Defendants respectfully submit that a fact hearing determining the harm caused by Plaintiff or his counsel, or both, should also include an opportunity for Mr. Tsadok to address the Court. It would be understandable if Mr. Tsadok had a sense of unfairness and disbelief from the beginning in which not only was he sued, but also his father who lived in Florida and who was required to fly to New York for a trial in which he might be held individually liable.

---

[2] Available at https://law.justia.com/cases/federal/district-courts/new-york/nysdce/1:2011cv05780/383725/302/.

Over time, lawyers may become anesthetized to the power of a federal judge, or their derivative power as officers of the court including the power to sue anyone without receiving permission from the Court. But it is the rare defendant who does not have fear and anxiety when he receives a summons issued with the seal of the clerk along with accusations that he knows to be false.

I do not know if Mr. Tsadok would now take the opportunity to address the Court, but I believe he would appreciate the offer. Moreover, it is appropriate to allow him to briefly address the court to determine the harm in awarding compensatory sanctions.

## Conclusion

For the reasons above, Defendants respectfully submit that the answers required by the Court's Opinion and Order (Dkt. #59) be held in abeyance pending a fact hearing along with any other appropriate discovery. If this request is denied, Defendants request an extension until Monday, May 7, 2018. In addition, I will be prepared to answer any questions the Court may have at tomorrow's conference.

Sincerely,
/s/ *Brian Lehman*
Lehman LG LLC
Counsel for Defendants

cc: all counsel by ECF