**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
DOMINGO CASTILLO MARCELINO,
*individually and on behalf of others similarly situated,*

Index No. 16-cv-6287 (KPF)

*Plaintiffs*,

-against-

374 FOOD, INC. (d/b/a TRIBECA BAGELS),
TIRAN TSADOK, and HAYIM TSADOK,

*Defendants.*
-----------------------------------------------------------------X

### PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISQUALIFY PLAINTIFFS' COUNSEL

Michael Faillace, Esq.
Shawn Clark, Esq.
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 5410
New York, New York 10065
Tel:   (212) 317-1200
Fax:   (212) 317-1620

Plaintiff Domingo Castillo Marcelino ("Plaintiff"), by his attorneys Michael Faillace & Associates, P.C. ("Michael Faillace & Associates"), submits this memorandum of law in opposition to Defendants' motion to disqualify Michael Faillace & Associates from continuing to serve as Plaintiff's attorneys in this action.

## Preliminary Statement

Defendants' motion to disqualify Michael Faillace & Associates should be denied because Michael Faillace & Associates has not violated any ethical rule. Defendants' motion, although filed on May 8, 2018, relies almost exclusively on a three page letter motion filed April 3, 2018. *See* Civil Docket Sheet at 71 & 60. Defendants' sole argument appears to be that Plaintiffs' counsel should be disqualified because, although no sanctions motions are pending at this time, Defendants speculate Plaintiff could potentially blame Plaintiff's counsel for any potentially sanctionable conduct he engaged in at trial, and that this possibility constitutes a conflict for purposes of New York Rule of Professional Conduct (RPC) 1.7(a). Defendants' motion attaches no affidavits or other evidence; the letter motion on which it relies attaches no evidence aside from a letter drafted by a separate Defendants' counsel in an entirely separate litigation. Defendants cite no case law where Defendants' argument has led any Court to disqualify counsel in any analogous situation. Defendants also present this argument even though, by Defendants' own admission, they do not possess any evidence to support a viable sanctions motion as to Plaintiff's counsel at this time. *See* Letter Motion for Extension of Time, Civil Docket Sheet at 65.[1]

---

[1] Plaintiff restricts his analysis here to Defendants' motion for disqualification; as indicated at the May 1, 2018 Conference before the Court, Plaintiff opposes any hearing prior to further briefing concerning sanctions, if any, and believes Defendants' request constitutes an improper fishing expedition. Plaintiff requests the opportunity for further briefing on this issue, if necessary.

Defendants' argument is not supported by case law nor the relevant code provisions. Defendants' speculations about Plaintiffs' potential arguments concerning potential sanctions does not trigger a conflict pursuant to RPC 1.7(a); finding otherwise would suggest, as an example, that a party's counsel may potentially be disqualified in every matter where a Rule 11 motion for sanctions is filed. Defendants cite no case law as to this proposition. Further, Defendants' speculations, unsupported by affidavits or evidence, cannot meet their "heavy burden of proving facts required for disqualification." *Simply Fit of N. Am., Inc. v. Poyner*, 579 F. Supp. 2d 371, 384 (E.D.N.Y. 2008) ("The remedy of disqualification is granted only in limited circumstances and the moving party 'bears a heavy burden of proving facts required for disqualification.'") (quoting *Export Dev. Corp. v. Uniforms for Indus., Inc.*, No. 88cv2496, 1991 U.S. Dist. LEXIS 914, 1991 WL 10929, at *2 (E.D.N.Y. Jan. 25, 1991))). Even if a conflict were to be found, it would not support disqualification and would be waivable pursuant to the terms of RPC 1.7(a). Should the Court find a conflict issue, Plaintiff should be given an opportunity to waive it pursuant to the terms of that Rule.

## Argument

### MICHAEL FAILLACE AND ASSOCIATES SHOULD NOT BE DISQUALIFIED AS PLAINTIFFS' COUNSEL

Michael Faillace & Associates should not be disqualified as Plaintiffs' counsel because Michael Faillace & Associates did not violate any ethical rule. Alternatively, any violation by Faillace & Associates is waivable by Plaintiff and would neither taint the court proceedings nor require the drastic measure of disqualification.

A. <u>Michael Faillace & Associates Did Not Violate Any Ethical Rule</u>

Defendants claim that Michael Faillace & Associates violated New York Rule of Professional Conduct 1.7(a)[2], which provides in relevant part that a lawyer shall not represent a client if a reasonable lawyer would conclude that either the "representation will involve the lawyer in representing differing interests," or "there is a significant risk that the lawyer's professional judgment on behalf of a client will be adversely affected by the lawyer's own financial, business, property, or other personal interests." Such a conflict is waivable, if, among other things, the lawyer "reasonably believes that [he] will be able to provide competent and diligent representation to each affected client," the representation "does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation," and "each affected client gives informed consent, confirmed in writing." RPC 1.7(b).

Here, Defendants argument that there is a conflict appears to rely exclusively on speculation that Plaintiff could blame Plaintiff's counsel for any sanctionable conduct at trial. Defendants have failed to provide any supporting facts for this speculation; moreover, if this speculation is indulged, it would suggest disqualification is appropriate in every case where, as an example, a Rule 11 violation is alleged.

Defendants' speculation that a conflict could potentially exist cannot satisfy the high standard of proof required to support disqualification. *See Capponi v. Murphy*, 772 F. Supp. 2d 457, 471 (S.D.N.Y. 2009) ("The Court 'must consider the factual record underlying [the] motion in detail to determine whether the party seeking disqualification has sustained the high standard of proof necessary to disqualify opposing counsel.'"); *see also Papyrus Tech. Corp. v. New York*

---

[2] While the New York State ethical rules do not directly govern disqualification motions in federal court, the "salutary provisions [of New York's ethical rules] have consistently been relied upon by the courts of this district and circuit in evaluating the ethical conduct of attorneys." *U.S. v. Quest Diagnostics*, 734 F.3d 154, 163 (2d Cir. 2013); *see also Gurniak v. Emilsen,* 2014 U.S. Dist. LEXIS 12231, *17-*18 2014 WL 349552 (SD.N.Y. Jan. 30,

*Stock Exch., Inc.*, 325 F. Supp. 2d 270, 276 (S.D.N.Y. 2004); *Simply Fit of N. Am., Inc. v. Poyner*, 579 F. Supp. 2d 371, 384 (E.D.N.Y. 2008) ("The remedy of disqualification is granted only in limited circumstances and the moving party 'bears a heavy burden of proving facts required for disqualification.'" (quoting *Export Dev. Corp. v. Uniforms for Indus., Inc.*, No. 88cv2496, 1991 U.S. Dist. LEXIS 914, 1991 WL 10929, at *2 (E.D.N.Y. Jan. 25, 1991)). *See also Sea Tow Int'l, Inc. v. Pontin*, No. 06-cv-3461 (SJF) (ETB), 2007 U.S. Dist. LEXIS 85527, 2007 WL 4180679, at *6 (E.D.N.Y. Nov. 19, 2007) ("Such conclusory assertions amount to nothing more than sheer speculation as to the existence of a conflict of interest. If anything, such assertions merely bolster the argument that this motion is being made solely to achieve a strategic advantage in this litigation. As such, they fail to provide a basis for [counsel's] disqualification."); *see also Colandrea v. Town of Orangetown*, 490 F. Supp. 2d 342, 353 (S.D.N.Y. 2007) ("[S]peculation that a party may one day decide to sue its counsel for malpractice is hardly sufficient to meet Plaintiff's burden in arguing for the drastic remedy of disqualification."); *Cadle Co. v. Damadeo*, 256 F. Supp. 2d 155, 157 (E.D.N.Y. 2003) (denying motion to disqualify where movant provided "only conclusion allegations" as evidence of conflict of interest); *Paramount Commc'ns, Inc. v. Donaghy*, 858 F. Supp. 391, 394 (S.D.N.Y. 1994) ("Courts require parties seeking disqualification of counsel to meet a high standard of proof before disqualification may be granted, and mere speculations will not suffice.")

The Court should also conclude that no conflict exists at this time for policy reasons. The Court's decision in *Thurmond v. Bowman*, No. 14-CV-6465W, 2016 U.S. Dist. LEXIS 45296 (W.D.N.Y. Mar. 31, 2016) is instructive on this point. There, defendants simultaneously sought sanctions against a plaintiff and his attorney as well as disqualification of counsel based on alleged spoliation of evidence. Defendants argued, as Defendants do here, that since both

---

2014) (state ethical rules provide guidance in determining whether to disqualify attorney).

plaintiff and his counsel could potentially blame each other for exposure to potential sanctions, a conflict of interest had developed. The Court rejected defendants' motion for disqualification. The Court noted that the conflict was speculative and that the Court could consider the disqualification motion in the context of the sanction motions itself. *See Baker v. Dorfman*, 2000 U.S. Dist. LEXIS 10142, 2000 WL 1010285, \*10 (S.D.N.Y.) ("counsel appeared to argue that any motion for sanctions directed against both client and attorney itself creates a conflict of interest[;] [i]f this were true, then the sanctions regime, intended in large part to deter vexatious and dilatory litigation tactics, would itself be another weapon in the arsenal of an attorney or litigant seeking to delay: any motion for sanctions would provide grounds for counsel to withdraw, thus causing further delay"), *aff'd in part and vacated in part on other grounds*, 232 F.3d 121 (2d Cir. 2000); *cf.* Fed. R. Civ. P. 11(b) and (c) advisory committee's note to 1993 amendment ("the court may defer its ruling (or its decision as to the identity of the persons to be sanctioned) until final resolution of the case in order to avoid immediate conflicts of interest and to reduce the disruption created if a disclosure of attorney-client communications is needed to determine whether a violation occurred or to identify the person responsible for the violation").

B. <u>If Any Violation of an Ethical Rule Occurred, it Does Not Justify Disqualification</u>

If the Court were to conclude that a Rule 1.7(a) issue exists, disqualification still would not be appropriate.

Although district courts have discretion to disqualify attorneys, disqualification "is a 'drastic measure' that is viewed with disfavor in this Circuit." *Ritchie v. Gano*, 2008 U.S. Dist. LEXIS 67770, \*6, 2008 WL 4178152 (S.D.N.Y. Sept. 8, 2008). Such motions are generally "viewed with disfavor," *Mori v. Saito*, 785 F. Supp. 2d 427, 432 (S.D.N.Y. 2011), and the moving party carries a "heavy burden" to satisfy "a high standard of proof." *Paretti v. Cavalier*

5

*Label Co.*, 722 F. Supp. 985, 987 (S.D.N.Y. 1989) (quoting *Evans v. Artek Sys. Corp.*, 715 F.2d 788, 791-92 (2d Cir. 1983) "[M]ere speculation" regarding the reasons for disqualification is insufficient. *Gormin v. Hubregsen*, 2009 U.S. Dist. LEXIS 15507, 2009 WL 508269, at *2 (S.D.N.Y. Feb. 27, 2009) (quoting *NL Indus., Inc. v. PaineWebber, Inc.*, 1990 U.S. Dist. LEXIS 3821, 1990 WL 43929 (S.D.N.Y. Apr. 9, 1990)). "'[T]he motion will be granted only if the facts present a real risk that the trial will be tainted.'" *Revise Clothing, Inc. v. Joe's Jeans Subsidiary, Inc.*, 687 F. Supp. 2d 381, 388 (S.D.N.Y. 2010) (quoting *U.S. Football League v. Nat'l Football League*, 605 F. Supp. 1448, 1452 (S.D.N.Y. 1985)) .Courts in this circuit disfavor such motions because "disqualification has an immediate adverse effect on the client by separating him from counsel of his choice" and "even when made in the best of faith . . . inevitably cause delay." *Bd. of Ed. Of City of New York v. Nyquist*, 590 F.2d 1241, 1246 (2d Cir. 1979)

Additionally, "courts are also reluctant to grant motions to disqualify because they inevitably result in delay and added expense." *Med. Diagnostic Imaging*, 542 F.Supp.2d at 307. Relatedly, "disqualification for violations of ethical rules may impede the pursuit of meritorious litigation to the detriment of the justice system." *United States v. Quest Diagnostics, Inc.*, 734 F.3d 154, 166 (2d Cir. 2013). For these reasons, the Second Circuit holds that "courts must balance these competing concerns by limiting remedies for ethical violations to those necessary to avoid 'taint[ing] the underlying trial.'" *Id.* (quoting *Bd. of Ed. of New York v. Nyquist*, 590 F.2d 1241, 1246 (2d Cir. 1979)). Accordingly, "[t]he Second Circuit has instructed district courts to take a 'restrained approach that focuses primarily on preserving the integrity of the trial process' when deciding disqualification motions." *Id.*, 2008 U.S. Dist. LEXIS 67770, *7 (quoting *Armstrong v. McAlpin,* 625 F.2d 433, 444 (2d Cir. 1980), *vacated on other grounds,* 449 U.S. 1106, 101 S. Ct. 911, 66 L. Ed. 2d 835 (1981)).

6

Here, aside from the fact that no violation of any ethical rule occurred, there was also no identifiable conduct that threatens to taint proceedings. Defendants fall far short of satisfying the high standard of proof that must be met before disqualification of any attorney is ordered. They have failed to show by even a preponderance of the evidence that Faillace & Associates committed any violation of an ethical rule, much less one that would taint the integrity of the trial process.

The concerns against disqualification are strongly present here. Plaintiff would be significantly prejudiced by disqualification of the firm that has represented them throughout this litigation. In addition, as was noted in the May 1, 2018 conference before the Court, Plaintiff counsel has identified appealable issues in the Court's March 27, 2018 Opinion and Order, and fully intends to represent Plaintiff on appeal; disqualification would potentially disrupt this process. Moreover, disqualification would undoubtedly delay the litigation.

Even if the interests of the Firm's client differed sufficiently to be deemed a conflict for the Firm, that conflict is waivable, pursuant to RPC 1.7(b), so long as the Firm reasonably believes that it can provide competent and diligent representation to each of its clients and "each affected client gives informed consent, confirmed in writing." RPC 1.7(b)(4). *Cf. Estates Theatres, Inc. v. Columbia Pictures Indus., Inc.*, 345 F. Supp. 93, 97-98 (S.D.N.Y. 1972) (granting disqualification motion where, after counsel for plaintiffs proposed to amend the complaint to accuse another long-time client of being a member of an antitrust conspiracy, the targeted client refused to consent). In the event that a cognizable conflict is found, Plaintiff should be given an opportunity to waive it pursuant to the terms of RPC 1.7(b).[3]

---

[3] Plaintiff notes the Court gave Plaintiff an opportunity to waive any potential conflicts by consulting a third-party attorney who would receive ex parte instructions from the Court through the head clerk of the SDNY Pro Se Office. Plaintiff believes no conflict exists at this time, but to the extent one is identified, Plaintiff believes waiver is appropriate via the explicit process described in RPC 1.7(b).

## **CONCLUSION**

For the reasons stated above, the court should deny Defendants' motion to disqualify Michael Faillace & Associates as Plaintiff's counsel.

Dated: New York, New York
      May 25, 2018

                                    /s/ Shawn Clark
                                    Michael A. Faillace, Esq.
                                    Shawn Clark, Esq.
                                    MICHAEL FAILLACE & ASSOCIATES, P.C.
                                    60 East 42nd Street, Suite 2020
                                    New York, NY 10165
                                    (212) 317-1200
                                    *Attorneys for Plaintiffs*