May 7, 2018

<u>*Via ECF*</u>

Hon. Katherine Polk Failla
United States District Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

    Re:    Notice of New Authority and a Request for a Pre-motion Conference in *Marcelino v. 374 Food, Inc. et al.*, 16-Civ-06287

Judge Failla:

    As counsel for Defendants in the above-captioned action, I write for two reasons. *First*, I write to provide the Court with notice of a recent Opinion and Order from the Eastern District of New York. As detailed in the Opinion authored by the Honorable Arthur D. Spatt and attached as Exhibit 1, the Court ordered the Magistrate Judge to conduct an evidentiary hearing after Defendants moved for sanctions on the ground that plaintiff had committed perjury in her deposition and otherwise perpetrated a fraud on the Court. This Opinion is relevant to this Court's Opinion and Order issued after the bench trial (Dkt. # 59) and counsel's suggestion that the Court order an evidentiary hearing in this case.

    *Second*, pursuant to Part 4 of this Court's Individual Rules of Practice in Civil Case, I write to request a pre-motion conference prior to filing a motion for sanctions against Plaintiff's counsel. Local Rule 1.3 requires attorneys appearing in the Southern District of New York to comply with the New York State Rules of Professional Conduct, N.Y. Comp. Codes R. & Regs. tit. 22, § 1200.0 ("Rules of Professional Conduct"). As discussed below, Plaintiff's counsel have violated and are continuing to violate Rule 3.3.

    Rule 3.3(a)(3) states:

> If a lawyer, a lawyer's client, or a witness called by the lawyer has offered material evidence and the lawyer comes to know of its falsity, ***the lawyer shall take reasonable remedial measures, including, if necessary, disclosure to the tribunal***.

*Id.* (emphasis added). Rule 3.3(c) states that the remedial obligation required by Rule 3.3(a) applies "even if compliance requires disclosure of information otherwise protected by Rule 1.6." *Id.* As the Supreme Court has stated emphatically, "the Model Rules do not merely authorize disclosure by counsel of client perjury; they *require* such disclosure." *Nix v. Whiteside*, 475 U.S. 157, 168 (1986) (emphasis in original).

The obligations under Rule 3.3(a)(3) continue after the "conclusion of a proceeding" where the false evidence was presented. *See* Formal Opinion 2013-02 of the Committee on Professional and Judicial Ethics of the Bar Association of the City of New York.[1] Moreover, "upon discovering that evidence offered in a proceeding was false, fulfilling the lawyer's duty under Rule 3.3 may require the lawyer to locate and review old case files, locate and communicate with a former client, and draft submissions to a tribunal making disclosure that certain evidence was false." *Id*. at 6.

Plaintiff's counsel of record has known of Plaintiff's perjury since at least March 2018, when this Court issued its Opinion and Order (Dkt. # 59). Indeed, counsel at trial held on July 19, 2017, Mr. Clark and Mr. Mulholland, knew their client was lying about material facts or they were consciously avoiding this obvious conclusion. *Cf. United States v. Catano-Alcate*, 62 F.3d 41, 43 (2d Cir. 1995) (doctrine of "conscious avoidance" permits an inference of actual knowledge); *see also In re Doe*, 847 F.2d 57, 63 (2d Cir. 1988) (articulating standard under former DR 7-102).

Plaintiff's counsel has sat on their hands and not taken a single remedial measure despite the requirements of the Rules of Professional Conduct. Given this ongoing violation of Rule 3.3, I respectfully request a conference prior to the filing of a motion for sanctions against Plaintiff's counsel.

Sincerely,
/s/ *Brian Lehman*
Brian Lehman
Lehman LG LLC
244 5th Ave., B258
New York, NY 10001

Counsel for Defendants
cc: all counsel by ECF

---

[1] Attached as Exhibit 2 and also available
https://www2.nycbar.org/pdf/report/uploads/20072508-Formal_Opinion_2013-02_Obligation_in_Revealing_the_Truth_on_Invalid_Evidence.pdf