Exhibit 2

THE ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK

COMMITTEE ON PROFESSIONAL AND JUDICIAL ETHICS

FORMAL OPINION 2013-2

**TOPIC:**  A lawyer's obligation to take action if, after the conclusion of a proceeding, the lawyer comes to know that material evidence offered by the lawyer, the lawyer's client or a witness called by the lawyer during the proceeding was false.

**DIGEST:**  When counsel learns that material evidence offered by the lawyer, the lawyer's client or a witness called by a lawyer during a now-concluded civil or criminal proceeding was false, whether intentionally or due to mistake, the lawyer is obligated, under Rule 3.3(a)(3), to take "reasonable remedial measures," which includes disclosing the false evidence to the tribunal to which the evidence was presented as long as it is still possible to reopen the proceeding based on this disclosure, or disclosing the false evidence to opposing counsel where another tribunal could amend, modify or vacate the prior judgment.

**RULES:**  1.6, 3.3

**QUESTION:**  If a lawyer, a lawyer's client or a witness called by the lawyer offered material, false evidence in a proceeding before a tribunal, and the lawyer comes to know of the falsity after the proceeding has concluded, is the lawyer obligated to take action and, if so, what action must the lawyer take?

**OPINION**

Rule 1.6 of the New York Rules of Professional Conduct (the "Rules"), with limited specified exceptions, prohibits a lawyer from revealing "confidential information," which the rule defines as "information gained during or relating to the representation of a client, whatever its source" that is protected by the attorney client privilege, or that is likely to embarrass or harm the client if disclosed, or that the client has asked to be kept confidential.  Rule 3.3(a)(3) creates a disclosure obligation:  "If a lawyer, a lawyer's client, or a witness called by the lawyer has offered <u>material</u> evidence and the lawyer comes to know of its falsity, the lawyer <u>shall</u> take reasonable remedial measures, including, if necessary, disclosure to the tribunal." (Emphasis added.)[1]  Rule 3.3(c) makes clear that this obligation trumps a lawyer's duty of confidentiality.  Specifically, Rule 3.3(c) states that the remedial obligation in Rule 3.3(a) applies "even if compliance requires disclosure of information otherwise protected by Rule 1.6."  To "know" of the falsity of proffered evidence, the lawyer must have "actual knowledge of the fact in question," but such knowledge "may be inferred from circumstances."  Rule 1.0(k).

---

[1] "A lawyer's duty to take reasonable remedial measures . . . does not apply to another lawyer who is retained to represent a person in an investigation or proceeding concerning that person's conduct in the prior proceeding."  Rule 3.3, cmt. [12A].  Although Comment [12A] expressly refers only to Rule 3.3(b), we believe it is equally applicable to Rule 3.3(a)(3).

Rather than imposing a duty to remedy every possible falsity that might later be discovered after the close of a proceeding, Rule 3.3(a)(3) imposes a duty to act only when evidence that was "material" to the underlying proceeding is later discovered to be false. Determining whether the evidence is material is fact specific, depending on the factors relevant to the ruling in the particular matter, and particularly whether the evidence is of a kind that could have changed the result. If the false evidence is material, it makes no difference if the falsity was intentional or inadvertent – in either instance, the lawyer who discovers the falsity has a duty to act under the Rule.

Rule 3.3 represents a significant change from the predecessor rule in the Code of Professional Responsibility, which provided that the lawyer was required to "reveal the fraud to the … tribunal, except when the information is protected as a confidence or secret."[2] Before April 1, 2009, when New York adopted the Model Rules format and amended a number of its rules, a lawyer's obligation to make disclosure to the tribunal was subordinate to the lawyer's duty of confidentiality to the client. Since April 1, 2009, when the courts promulgated Rule 3.3(c), under certain narrow circumstances the lawyer's duty to protect the integrity of the adjudicative process trumps the lawyer's duties of confidentiality and loyalty to the client. Indeed, Rule 1.1(c)(2) acknowledges that a lawyer has a duty not to harm the client "except as permitted or required by these Rules," and Rule 1.6(b)(6) expressly allows a lawyer to reveal confidential information 'when permitted or required under these Rules or to comply with other law or court order."

Moreover, unlike in other jurisdictions, Rule 3.3 is the only mandatory exception in New York to the obligation of confidentiality contained in Rule 1.6.[3] As the unique nature of Rule 3.3 suggests, the obligation to take reasonable remedial measures is premised on "the lawyer's obligation as an officer of the court to prevent the trier of fact from being misled by false evidence." Rule 3.3, cmt. [5] (emphasis added.) This exception to the lawyers' obligation of confidentiality, which is one of a lawyer's bedrock obligations, is intended to protect the integrity of the adjudicative process. Significantly, the adjudicative process is not limited to proceedings before courts. Instead, Rule 1.0(w) defines a "tribunal" as including not only courts, but also arbitral panels, and legislative, administrative and other bodies acting in an adjudicative capacity. Indeed, the adjudicative process includes proceedings before the tribunals listed in Rule 1.0(w) as well as ancillary proceedings conducted pursuant to the tribunal's adjudicative authority, such as depositions. Rule 3.3, cmt. [1]. The obligation to make disclosure set forth in Rule 3.3, therefore, applies across a broad spectrum of settings and should be parsed carefully.

Finally, Rule 3.3 is silent on when the obligation to take remedial action ends. ABA Model Rule 3.3(c) states that the obligation to take remedial action required by Rule 3.3(a)(3) only continues

---

[2] DR 7-102(B)(1) (emphasis added). The Code defined what is now referred to as "confidential information" as "confidences and secrets," which in turn were defined in DR 4-101(A) in terms generally parallel to the definition of "confidential information" in Rule 1.6(a).

[3] Rule 1.6 allows that under certain circumstances confidentiality may be breached without the client's consent, but the exceptions contained in Rule 1.6 are permissive, not mandatory. By comparison, Arizona, Connecticut, Florida, New Jersey, Texas, and Vermont require disclosure of information necessary to prevent the client from committing a criminal act that will result in death or substantial bodily harm; Illinois, Iowa, and North Dakota require disclosure to prevent death or substantial bodily harm; Hawaii requires disclosure where the client has used the lawyer's service to further a crime or fraud; and Virginia requires disclosure of a client's intent to commit a crime.

"to the conclusion of the proceeding,"[4] but that phrase is absent from New York's formulation. Although the rules of professional conduct for lawyers that have been adopted in most states include the ABA endpoint language in their version of Rule 3.3, a few (Florida, Illinois and Texas[5]) explicitly extend the obligation beyond the conclusion of a proceeding. Only Virginia and Wisconsin have, like New York, adopted versions of Rule 3.3 that are silent on whether the obligation survives beyond the proceeding.[6]

Analysis

1.  How Long Does the Obligation Under Rule 3.3(a)(3) Last?

As a preliminary matter, we conclude that the obligations under Rule 3.3(a)(3) survive the "conclusion of a proceeding" where the false evidence was presented. ABA Rule 3.3, cmt. [13] clarifies that the phrase "conclusion of a proceeding" means "when a final judgment in the proceeding has been affirmed on appeal or the time for review has passed." We believe that the courts' rejection of an explicit statement that the obligation ends when the proceeding ends, makes this evident. The State Bar ethics committee has reached the same conclusion. *See* N.Y. State 831 n. 4(2009) (obligation continues "for as long as the effect of the fraudulent conduct on the proceeding can be remedied, which may extend beyond the end of the proceeding – but not forever." ) and N.Y. State 837 at ¶16  (2010) ( "the endpoint of the obligation nevertheless cannot sensibly or logically be viewed as extending beyond the point at which remedial measures are available, since a disclosure which exposes the client to jeopardy without serving any remedial purpose is not authorized under Rule 3.3."). We agree with the State Bar and conclude that the obligations under Rule 3.3 do not continue forever. Instead, because the rule only requires an attorney to take reasonable remedial measures, the duties imposed by Rule 3.3(a)(3) should end when a reasonable "remedial" measure is no longer available.

To determine when "reasonable remedial measures" are no longer available, and thus to determine when the obligation under Rule 3.3 ends, we begin with the purpose of Rule 3.3(a)(3). The rule is intended to protect the integrity of the adjudicative process by preventing the trier of fact from being misled by false evidence. Because of the limited purpose of the rule, we believe that for a measure to be remedial, it must have a reasonable prospect of protecting the integrity of the adjudicative process. Rule 3.3(a)(3) thus does not impose a duty of disclosure unless at the time of disclosure: (1) it is still possible to make disclosure of the new evidence either to the tribunal to which the false evidence was presented, or to a tribunal that did or could review the

---

[4] ABA Model Rule 3.3, cmt. [13] notes that "[a] practical time limit on the obligation to rectify false evidence or false statements of law and fact has to be established.  The conclusion of the proceeding is a reasonably definite point for the termination of the obligation.  A proceeding has concluded within the meaning of this Rule when a final judgment in the proceeding has been affirmed on appeal or the time for review has passed."

[5] Florida Rule 4-3.3(d) (duties "continue beyond the conclusion of the proceeding"); Illinois Rule 3.3(b) (duties are "continuing duties"); Texas Rule 3.03 (duties "continue until remedial legal measures are no longer reasonably possible").

[6] Virginia Opinion 1777 (2003) concluded that Virginia's rule did not apply if a lawyer learned material information after the representation was concluded.  Virginia Opinion 1777 (2003).  Wisconsin Opinion E-94-1 concluded that the duty ceases when disclosure "would no longer be useful to the tribunal" and that the question of whether relief would be available from a court's judgment or order under state law is a factor in that determination.

decisions of the tribunal to which the false evidence was submitted,[7] and (2) the tribunal is still in a position to consider the new evidence and provide a basis for reopening the matter and/or amending, modifying or vacating the prior judgment. As we note in the footnote below,[8] a thorough understanding of the law and related court procedures is paramount in determining the availability of a reasonable remedial measure. Action that either cannot result or is highly unlikely to result in at least the amendment, modification or vacatur of the judgment in question cannot be said to be "remedial" in the sense intended by Rule 3.3(a)(3). It would not be remedial because disclosure will not correct the threat to the adjudicative process caused by the false evidence. Merely compromising or improving the reputation of a party or witness does not directly address the process itself, which the rule is designed to protect. Thus, the obligations of a lawyer under Rule 3.3 end only when it is no longer possible for the tribunal to which the evidence was presented to reopen the proceedings based on the new evidence, and it is no longer possible for another tribunal to amend, modify or vacate the final judgment based on the new evidence.

---

[7] Rule 1.0(w) defines "tribunal" to include an "administrative body or other body acting in an adjudicative capacity." Given the broad definition of "tribunal," Rule 3.3 may apply where the only reasonable remedial measure available for a conviction obtained bead on the presentation of false evidence is a gubernatorial pardon or similar executive action.

[8] Although we lack jurisdiction to interpret matters of law, we think it useful to discuss briefly some of the statutes and court rules a lawyer should consider to determine if a remedial measure is still possible under Rule 3.3. NY CPLR 5015(a)(2), in relevant part, states that a court may vacate a judgment or order on the basis of "newly-discovered evidence." In *390 West End Assocs. v Baron*, 274 AD 2d 330, 333 (1st Dep't 2000), the court held that (with one exception not relevant here) there is no time limit for filing a motion under CPLR 5015. The standard applied for newly-discovered evidence has been whether evidence "is material, not merely cumulative, not of a kind as would merely impeach an adverse witness's credibility," and that it would "probably have changed the result and … could not have been previously discovered by the exercise of due diligence." *Prote Contracting Co., Inc. v Bd. of Educ. of the City of N.Y.*, 230 A.D.2d 32, 39 (1st Dep't 1997). NY CPLR 5015(a)(3) allows a court to open a judgment based on "fraud, misrepresentation, or other misconduct of an adverse party," so long as the motion is made within a reasonable period of time, *see Mark v. H.F. Lenfest*, 80 A.D.3d 426 (1st Dep't 2011), and the fraud, misrepresentation or misconduct is committed by "an adverse party," not a third person or co-party. In federal court, a party may seek relief from a judgment on the ground of newly discovered evidence under Fed. R. Civ. P. 59(a) if a motion is filed within 28 days from the entry of judgment, or under Rule 60(b)(2) if the evidence comes to light after the expiration of the 28-day period but within one year of the judgment. Rule 60(b)(3) explains that a motion to set aside a judgment due to fraud, misrepresentation, or misconduct by an opposing party must be made within a reasonable time and not more than a year after judgment. Rule 60(d)(3) imposes no time limit on a party's ability to vacate a judgment for fraud on the court, but the fraud must "seriously" impact the integrity of the adjudicative process. *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 246 (1944).

A party seeking federal habeas relief for a sentence imposed under federal law may move "to vacate, set aside or correct the sentence" within 1-year from the latest of the date on which: (1) the conviction becomes final; (2) the impediment to making a motion created by an unlawful government action is removed; (3) the right asserted was originally recognized by the Supreme Court if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255 (a,f). Further, a successive motion must be certified as provided in § 2244 to contain newly discovered evidence or a new rule of constitutional law as described in 28 U.S.C. § 2255 (h). For a party seeking federal habeas relief from a state court decision, 28 U.S.C. § 2244(d)(1) provides that a "1-year period of limitation shall . . . run from the latest of . . . (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

2. <u>What Measures Should a Lawyer Take Upon Discovering that Material False Evidence was Presented?</u>

We now turn to specific measures that a lawyer should consider upon discovering that false material evidence was presented by the lawyer, the lawyer's client, or the lawyer's witness, at a proceeding in which the lawyer was involved. Before making any disclosure pursuant to Rule 3.3(a)(3), the lawyer should first remonstrate with the client and seek the client's cooperation in making a disclosure that will correct the record. *See* Rule 3.3, cmt. [10] (upon learning of the falsity of material evidence, the "proper course is to remonstrate with the client confidentially, advise the client of the lawyer's duty of candor to the tribunal, and seek the client's cooperation with respect to the withdrawal or correction of the false statements or evidence. If that fails, the advocate must take further remedial action.").

Disclosure to the tribunal under Rule 3.3(a)(3) is only appropriate "if necessary." *See* N.Y. State 837 at ¶20 (2010) (affirming lawyer's withdrawal of false evidence where practical so that explicit disclosure is not necessary). Once a proceeding is concluded, it is too late for an attorney to withdraw the material evidence or make clear that the evidence is not being relied upon. In other contexts, such as in criminal matters, once a proceeding has concluded, the tribunal that entered the final judgment may be powerless to take action, although another tribunal may have the power to amend, modify or vacate the judgment. Further, although disclosure may have grave adverse consequences for the client (in some instances including prosecution for perjury), the alternative – for the lawyer to become a willing participant in "deceiving the court [and] thereby subverting the truth-finding process" – is untenable. *See* Rule 3.3, cmt. [11]. Accordingly, disclosure to the tribunal is the ultimate step that the rule requires an attorney to take, but must be narrowly-tailored to limit the disclosure to that information "reasonably necessary to remedy" the fraud on the tribunal created by the tribunal's reliance on false evidence. Rule 3.3, cmt. [10].

If the client will not cooperate in making the remedial disclosure, or the client cannot be located despite the lawyer's reasonable efforts, then the lawyer should make the disclosure based upon the following guidance.

In cases where a proceeding is concluded and the original tribunal is empowered by law, under defined circumstances, to consider new evidence and reopen a matter after the proceedings have concluded, the only reasonable remedial measure that will comply with Rule 3.3(a)(3) may be disclosure to the tribunal to which the false evidence originally was submitted originally that the evidence was false. Disclosure should be made simultaneously to opposing counsel, but disclosure to opposing counsel will not, by itself, be considered a reasonable remedial measure unless it remedies the threat to the integrity of the adjudicative process. Cf. Texas Ethics Opinion 482 (1994) (disclosure to opposing parties impermissible unless necessary to prevent a client's proposed criminal or fraudulent act). In some instances, however, disclosure to opposing counsel will be a reasonable remedial measure if, for example, the fraud on the tribunal can be corrected by opposing counsel's agreement to vacate the judgment.

Where the original tribunal is not empowered to consider the new evidence and modify, amend or vacate the prior judgment, but a different tribunal can consider the new evidence and modify, amend or vacate the prior judgment, the attorney may disclose the false evidence to the opposing

5

counsel in the original proceeding, or if opposing counsel no longer represents the opposing party and there is no successor counsel, to the opposing party, and this disclosure will constitute a reasonable remedial measure.  The attorney who learns of the false evidence is not usually required to start a new proceeding before a new tribunal.  Rather, the opposing counsel or party to whom disclosure is made should determine whether it is appropriate to commence a new proceeding based on the new information.

The obligation to take "reasonable" measures may require more than just appearing before the tribunal to make the disclosure or submitting a letter to the tribunal.  In certain instances, upon discovering that evidence offered in a proceeding was false, fulfilling the lawyer's duty under Rule 3.3 may require the lawyer to locate and review old case files, locate and communicate with a former client, and draft submissions to a tribunal making disclosure that certain evidence was false.  The amount of work required to fulfill the obligation under Rule 3.3(a)(3) should be that which is considered reasonable in the circumstances.  The amount of work involved in fulfilling the 3.3 obligation should neither force the lawyer into insolvency or jeopardize the lawyer's ability to continue to diligently and competently perform legal services on behalf of the lawyer's other clients.  *See* Rules 1.1, 1.3.

Conclusion

When a lawyer discovers after the close of a proceeding that material evidence offered by the lawyer, the lawyer's client or witness called by the lawyer during the underlying civil or criminal proceeding was false, the lawyer must comply with Rule 3.3(a)(3).  If it is still possible to amend, modify or vacate the prior judgment, then compliance with Rule 3.3(a)(3) requires disclosure of the false evidence to the tribunal, to opposing counsel, or to the opposing party if opposing counsel is no longer practicing law.  If it is still possible to reopen the proceeding based on this disclosure, then the lawyer must disclose to the tribunal to which the evidence was presented that the specified evidence was false.  If it is no longer possible to reopen the proceeding but another tribunal could amend, modify or vacate the prior judgment, then the lawyer must disclose the falsity to the opposing counsel, or the opposing party if opposing counsel no longer represents the opposing party and there is no successor counsel.