**MEMO ENDORSED**

> **Application Denied.** The purpose of the telephonic conference on April 17, 2019 is to discuss and schedule a settlement conference. See Section VI (b) of this Court's Individual Practices.
>
> **SO ORDERED.**
>
> _____
> Ona T. Wang         3/26/2019
> United States Magistrate Judge

*Via ECF*             March 26, 2019

Hon. Ona T. Wang
United States Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
New York, NY 10007-1312

      Re:    Request for In-Person Conference in *Marcelino v. 374 Food, Inc. et al.*, 16-Civ-06287

Judge Wang:

I write to request that the Scheduling Order entered yesterday (Dkt #83) be modified so that the attorneys in the case are required to appear in person. I also write to clarify that I requested a conference with a Magistrate Judge to help facilitate discussions on:

> a mutually agreed resolution to this matter or submit a joint statement regarding how we believe the Court might proceed, including resolving Defendants' pending motion to disqualify Plaintiff's counsel and Defendants' anticipated motion for sanctions (Dkt. #80 at 1).

By way of background, one year ago the District Court (Failla, *J.*) found that Plaintiff committed perjury at trial. As the Court explained after finding that Plaintiff only worked at the corporate defendant for just over four weeks:

> The Court sees no reason to mince words. Plaintiff repeatedly testified falsely at trial and, at least with respect to his period of employment, Plaintiff created a timeline out of whole cloth. Whatever defects in recollection one might attribute to the passage of time, there is plainly a difference between four and one-half weeks and eight months.

Dkt #59 at 50 (citing 18 U.S.C. § 1621 (criminal statute on perjury)). "Repeatedly during this litigation, counsel for Plaintiff suggested that Plaintiff worked for six months at Tribeca Bagels, a time frame that struck the Court as irreconcilable with the September-2015-to-April-2016 period charged in the Complaint and argued at trial." *Id.* at 5 n.2

The Court was "particularly troubled here because it perceives that the perjury begat the trial." *Id.* at 51. In other words, Plaintiff's false allegations (repeatedly affirmed by Plaintiff's counsel after being challenged repeatedly in Court by Defense Counsel) caused the trial and a waste of judicial resources. "The Court wonders what resources were wasted by Plaintiff's perjury." *Id.*

The Court asked the parties to brief the following issues:

> 1. May the Court consider Plaintiff's perjury, and any other inappropriate conduct in this litigation, in determining his entitlement to recovery under the NYLL?
>
> 2. Are sanctions against Plaintiff warranted under, among other sources, Federal Rule of Civil Procedure 11 or the Court's inherent power? 3.
>
> 3. Are sanctions against Plaintiff's counsel warranted under, among other sources, Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, or the Court's inherent power (Id. at 52)?

As defense counsel, I requested a pre-motion conference prior to filing a motion to disqualify Plaintiffs' counsel (Dkt #60). The motion to disqualify was filed on May 8, 2018 (Dkt. #71).

Last week, I requested a pre-motion conference prior to filing a motion to sanction Plaintiff's counsel on the ground that "Plaintiff's counsel have violated and are continuing to violate Rule 3.3 [of New York State Rules of Professional Conduct]." Dkt. #79 at 1.

Rule 3.3(a)(3) states: "If a lawyer, a lawyer's client, or a witness called by the lawyer has offered material evidence and the lawyer comes to know of its falsity, the lawyer shall take reasonable remedial measures, including, if necessary, disclosure to the tribunal." *Id.* (emphasis added). Since the Court issued its decision, I have had repeated discussions with Plaintiff's counsel about their obligations under Rule 3.3 and in fact raised the issue at the conference held on May 1, 2018. *See* Dkt. #73 at 16-17 ("The lawyers are required to remedy false statements to the Court. In addition, under Rule 1.6, attorney-client privilege doesn't apply at that point."). I had also had previously requested that Plaintiff's counsel retain a third-party mediator to help us resolve the issue but the offer was rejected.

After requesting the pre-motion conference last week, one of Plaintiff's attorneys contacted me and I again suggested a third-party mediator as counsel are far apart on how to proceed in this situation. We agreed to request a Magistrate Judge or otherwise use a third-party mediator. The Court subsequently granted this request and this Court issued its Scheduling Order yesterday (Dkt. #85).

There are a number of serious issues to discuss with the aim of seeking joint resolution including (1) whether Plaintiff's counsel will move to withdraw from the case, (2) what remedial steps (if any) will Plaintiff's counsel take in response to Plaintiff's perjury, and (3) what sanctions or discipline or both (if any) Plaintiff's counsel will agree should be imposed to remedy the situation as well as ensure that it will not be repeated in the future.

3

In light of the serious nature of this discussion, I request that the scheduling order be modified so that the attorneys appear in person before the Court.

Sincerely,
/s/ *Brian Lehman*
Brian Lehman
Lehman LG LLC
244 5th Ave., B258
New York, NY 10001

Counsel for Defendants
cc: all counsel by ECF