March 26, 2019

*Via ECF*

Hon. Katherine Polk Failla
United States District Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

> Re:   Request to Vacate Order Sending Case to Settlement in *Marcelino v. 374 Food, Inc. et al.*, 16-Civ-06287

Judge Failla:

I move for the Court to vacate its Order sending this case to settlement discussions before the Magistrate Judge and request a pre-motion conference to renew the motion to disqualify opposing counsel or for the previous motion to be re-instated.

Defendants' position is the same as it was one year ago:  Plaintiff's counsel may not represent this Plaintiff any further in these proceedings because of the conflict created by Plaintiff's perjury and the potential consequences of that perjury for Plaintiff (Dkt. #71). Thus, Defendants maintain that Plaintiff's counsel may not represent Plaintiff in a settlement conference or any other proceeding.

A settlement conference may be held once Plaintiff's counsel has withdrawn and Plaintiff hires another attorney or Plaintiff represents himself *pro se*. I also renew my request (Dkt. #60) for the Court to exercise its discretion under Title 28, United States Code, Section 1915(e)(1) and seek to obtain *pro bono* counsel for Plaintiff.  *See Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 174 (2d Cir. 1989).

To the extent that there is confusion, this may be due to the fact that I was attempting to extend courtesy to opposing counsel after having moved for Plaintiffs' counsel to be disqualified and I was seeking to move for them to be sanctioned. But Defendants never moved for post-trial settlement discussions nor was it my interpretation of the request that I made with Plaintiff's counsel jointly that a settlement before a Magistrate Judge was being requested.

I am willing to discuss the motion to disqualify with a Magistrate Judge in a confidential setting with the goal of finding a resolution on that motion as well as the anticipated motion for sanctions (which also bears on the disqualification of Plaintiff's counsel).

But until the motion to disqualify Plaintiff's counsel is resolved either by Court order or the sides coming to an agreement, Defendants object to any proceeding in which they represent Plaintiff including settlement conferences ordered by the Court.

Sincerely,

/s/ *Brian Lehman*

Brian Lehman
Lehman LG LLC
244 5th Ave., B258
New York, NY 10001

Counsel for Defendants
cc: all counsel by ECF