March 28, 2019

**<u>Via ECF</u>**

Hon. Katherine Polk Failla
United States District Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    Reply Letter in *Marcelino v. 374 Food, Inc. et al.*, 16-Civ-06287

Judge Failla:

As counsel for Defendants, I write in reply to the letter authored by Michael Faillace (Dkt #87). Defendants do not "predicate any resolution here with [his] firm's disqualification." *Id.* at 1. Defendants' position is that Mr. Faillace and the other attorneys may not represent Plaintiff until this Court decides the disqualification motion and the parties' right to seek a writ of mandamus has been exercised or expired. *See United States v. Prevezon Holdings Ltd.*, 839 F.3d 227, 241 (2d Cir. 2016).

Once it is determined that Plaintiff's counsel may represent Plaintiff, there is no obstacle to a settlement conference. But until that issue is resolved, or new counsel is appointed or appears or Plaintiff represents himself *pro se*, Defendants maintain that Mr. Faillace's and his associates' representation taint the remaining proceedings because there is a conflict of interest.

Indeed, Mr. Faillace could easily ask a colleague in the bar or reach out to Legal Aid or the pro bono association of any number of bars and ask for an attorney to be appointed for his client. This would not only instantly resolve the motion for disqualification and thus relieve the Court of the motion, but also be wise as Mr. Marcelino faces potential immigration consequences for violating the law.

Plaintiff committed perjury. Dkt #59 at 50; Dkt. #73 at 4 ("I made a finding that Mr. Castillo Marcelino perjured himself. . . ."). Plaintiff now faces the consequences, whatever they may be, for his brazen behavior.

The conflicts of interest is obvious: The Court asked the parties to brief the issue of sanctioning *both* Plaintiff and Plaintiff's counsel. *See* Dkt. #59 at 52.

And sanctions against Plaintiff and Plaintiff's counsel are warranted under this Court's inherent power.[1] *See* Dkt. #64 at 1-5.

But the sanction must be compensatory. *See Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1184 (2017). Thus, the Court must apportion fault. Moreover, Plaintiff's best defense for why certain sanctions should not be imposed on him (or completely imposed on him) is that the Plaintiff's counsel is responsible.

Here is one example of a conflict of interest: "Plaintiff testified that he never read the Complaint with which his consent form was affiliated, and had never had it translated into Spanish." Dkt. #59 at 12 (citing Tr. 51-52). The Court explicitly (and correctly) expressed concern about this specific testimony. *See id.* at 11. If true, Plaintiff can argue that sanctions should be lessen against him because Plaintiff's counsel is the reason he never read it.

Plaintiff's counsel would then be the subject of sanctions. In fact, Plaintiff's counsel has already been the subject of a sanctions motion for filing "a Complaint based on allegations that the Plaintiff did not understand and could not have communicated to his attorneys much less verify them." Dkt. #60-2 at 3 (sanctions letter in *Comonfort v. Les Brasseurs, Inc. d/b/a La Mangeoire*, 16 Civ. 6389 (Peck, *J.*)). Plaintiff's counsel may have a pattern and practice of filing complaints without verifying the allegations with the client.

The purpose of briefing (rather than pre-motion letters such as this one) is to make these arguments in full, but nonetheless here is another example of a conflict of interest. As the Supreme Court explained in *Nix v. Whiteside*, 475 U.S. 157, 170-71 (1986), it has long been true "that under no circumstance may a lawyer either advocate ***or passively tolerate*** a client's giving false testimony." *Id.* at 170-71 (emphasis added); *see also* Dkt. #79.

Plaintiff's counsel has been passively tolerating Plaintiff's perjury since the trial and, thus, they are violating at the very least Rule 3.3 of the New York State Rules of Professional Conduct, N.Y. Comp. Codes R. & Regs. tit. 22, § 1200.00. Consider again Plaintiff's testimony "that he never read the Complaint with which his consent form was affiliated, and had never had it translated into Spanish." Dkt. #59 at 12. If true, Plaintiff's counsel should be sanctioned and disqualified immediately. If false, Plaintiff's counsel should have remedied this perjury including withdrawing from the case.

---

[1] In addition, the Court may *sua sponte* sanction Plaintiff's counsel under Rule 11 of the Federal Rules of Civil Procedure. *See* Dkt. #73 at 12; *see also* Dkt. #64 at 1-5 (attached as Exhibit 1 to this letter).

Mr. Faillace is also wrong that a settlement conference will help "conserve litigation and judicial resources, and potentially resolve this matter with a minimum of time and expense," Dkt. #87, because "Plaintiff stipulate[d] to dismiss his claim as to Defendant Hayim Tsadok." Dkt. #56 at 2 n.1.

Only the corporation and Mr. Tiran Tsadok were ordered to participate in a settlement of the action. Mr. Hayim Tsakok has nothing to settle with regard to Plaintiff's action as Plaintiffs stipulated to his dismissal. Thus, the Court will still have to decide the motions for disqualification and sanctions by Mr. Hayim Tsadok regardless of the settlement conference. Far from conserving judicial resources, Mr. Faillace's suggested course of action dramatically increases the amount of judicial resources that will be spent.

Mr. Faillace ends his letter by stating: "The Court should deny Defendants' request." Dkt. #87. However, a denial of a request for a pre-motion conference gives the litigant permission to file the motion. This is true because Second Circuit has repeatedly held that a "judge may not require that the court's permission be secured at such a conference before a party may file the motion." *Milltex Indus. Corp. v. Jacquard Lace Co.*, 55 F.3d 34, 39 (2d Cir. 1995); *see also Eisemann v. Greene*, 204 F. 3d 393, 397 (2d Cir. 2000); *MacDraw, Inc. v. CIT Group Equip. Fin.*, 73 F.3d 1253, 1256 n.2 (2d. Cir. 1996); *Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647, 652 (2d Cir. 1987).

"It is well settled that this Court cannot prevent a party from making a motion that it is entitled to bring under the Federal Rules of Civil Procedure." *Wechsler v. Hunt Health Sys., Ltd.*, 216 F. Supp. 2d 347, 351 n.3 (S.D.N.Y. 2002). Defendants respectfully request a pre-motion conference on the motions for disqualification and sanctions pursuant to Part 4 of this Court's Individual Rules of Practice in Civil Cases. In the alternative, Defendants ask that the Court set a briefing schedule for these motions to be made at the very least by Mr. Hayim Tsdok.

Sincerely,<br>
/s/ *Brian Lehman*<br>
Brian Lehman<br>
Counsel for Defendants

Counsel for Defendants
cc: all counsel by ECF