**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------X
CASTILLO MARCELINO, *individually
and on behalf of others similarly situated*,

                                                                  16 Civ. 06287 (KPF)

        *Plaintiff*,

    --against--

374 FOOD INC., HAYIM TSADOK and
TIRAN TSADOK,

        *Defendants*.
------------------------------------------------------X

### OPPOSITION TO COUNSEL FOR PLAINTIFF'S MOTION TO WITHDRAW

        Defendants oppose the motion to withdraw as counsel submitted by Mr. Clark (Dkt. #89) on the ground that Mr. Clark has failed to comply with Local Rule 1.4. The motion does not include an affidavit that the motion has been served on the client or any other evidence that Plaintiff, Mr. Marcelino, has been notified that Mr. Clark seeks to be relieved as his attorney.

        Mr. Clark was Plaintiff's only counsel at the initial conference and later the only counsel at the settlement conference before the Magistrate Judge, which Plaintiff attended. Mr. Clark was also one of two attorneys during the bench trial and the one who the Court directed its questions after it finding of perjury because Mr. Clark stated he "can principally answer [the Court's] questions." Dkt. #73 at 2.

        The other attorney at trial, Mr. Colin Mulholland, already moved to withdraw (Dkt #77). The Court granted the motion (Dkt. #78) but without any evidence that Plaintiff had been informed Mr. Muholland would no longer be his attorney. Mr. Clark was also the attorney who informed the Court that Mr. Marcelino did not want new counsel even after the Court found that Mr. Marcelino committed perjury during a trial at which Mr. Clark was his counsel. Dkt. #66

(status update after May 1, 2018 conference); *see also* Dkt. #73 at 4 (Mr. Clark stating "he still wishes to continue with us as counsel of record.")

Defendants objection would be mooted if Mr. Clark served upon Plaintiff a letter in English and Spanish (Plaintiff's primary language) stating that Mr. Clark has moved to withdraw from the case and will no longer be his attorney but Mr. Faillace will continue to be counsel of record. Such letter should also state, in sum and substance, that if Mr. Marcelino has an objection then he should write to the Court and provide an address. In the alternative, the Court could issue an Order stating the facts above and require Defendants to translate it and serve both the Order and the translation on Mr. Marcelino.

The concern that animates Local Rule 1.4's requirement that "[a]ll applications to withdraw must be served upon the client" is particularly important here as Mr. Marcelino faces sanctions and possible immigration consequences due to his, in the Court's words, "severe perjury at this trial." Dkt. #73 at 10 (Transcript of May 1, 2018).

Respectfully submitted,

/s/ *Brian Lehman*
Brian Lehman
Lehman LG LLC
244 Fifth Ave., B258
New York, New York 10001
*Counsel for Defendants*

cc: All counsel of Record
by CM/ECF