March 29, 2019

**_Via ECF_**

Hon. Katherine Polk Failla
United States District Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    Request for Judicial Notice of Certain Documents in _Castillo Marcelino v. 374 Food, Inc. et al._, 16-Civ-06287

Judge Failla:

As counsel for Defendants, I write to request that the Court take judicial notice of a case previously before your Honor, _Victor Hugo Ortega Hernandez et al. v. Muzzarella Inc. et al._, 2017 Civ. 06164 (Failla, _J._) (hereinafter "_Ortega_") and recently dismissed. The counsel that signed the complaint in this case, Michael Faillace, signed the complaint in _Ortega_. Dkt. #1.[1]

The Complaint alleged "Plaintiff Ortega is a former employee of Defendants Muzzarella Inc. (d/b/a/ Muzzarella Pizza), John Russo and **_Anthony Muzzarella_** who own and operate Muzzarella Pizza." Dkt. #1, ¶1 (emphasis added). "Muzzarella Pizza is a pizzeria/restaurant owned by John Russo and **_Anthony Muzzarella_** . . . ." _Id._, ¶2. In addition:

> 24. Defendant Anthony Muzzarella is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.
>
> 25. Defendant Anthony Muzzarella is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.
>
> 26. Defendant Anthony Muzzarella possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation.

---

[1] Dkt. # __ refers to the docket entries in _Victor Hugo Ortega Hernandez et al. v. Muzzarella Inc. et al._, 2017 Civ. 06164 (Failla, _J._), rather than this case. The documents cited as Dkt. #__ are also attached under Exhibit 1, which is paginated in the lower right hand corner as "Page _ of 51" – Dkt. #1 (pages 3-22), Dkt. #20 (page 24), Dkt. #21 (page 26), Dkt #64 (pages 28-29), Dkt. #64-1 (pages 31-43), Dkt. #64-2 (pages 45-49), and Dkt. #67 (page 51)

> 27. Defendant Anthony Muzzarella determined the wages and compensation of employees, including Plaintiff Ortega, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

Despite these allegations filed by Mr. Faillace (Dkt. #1), "Anthony Muzzarella" is a fictitious name. Anthony Muzzarella could not have maintained employee records because Anthony Muzzarella does not exist. Nor could Anthony Muzzarella have "established the schedules of employees" or do any of the things alleged in the *Ortega* complaint.

Because Anthony Muzzarella does not exist, the initial notices of appearance by defense counsel (Dkt. #20, Dkt. #21) and the answer to the complaint were only filed on behalf of John Russo and the corporation. The final settlement agreement was "between Plaintiff and Defendants Muzzarella Inc. (d/b/a Muzzarella Pizza) and John Russo ("Defendants" and together with Plaintiff, the 'Parties')." Dkt. #64.

Mr. Faillace filed a settlement agreement that removed Anthony Muzzeralla from the caption. Dkt. #64-1. Mr. Faillace also filed a Proposed Stipulation and Order with an altered caption (yet never filed a motion to amend). Anthony Muzzeralla never signed a settlement agreement and this Court has *never* dismissed him. *See* Dkt. #67. Of course, this is far from surprising because there is no such person.

It is impossible for Mr. Ortega to have provided information that Anthony Muzzeralla was a real person who, for example, set his work schedule and the work schedules of the other employees at pizzeria. However, according to the time sheets submitted to this Court, Michael Faillace was directly responsible for the complaint Dkt. #64-2. Not only did Mr. Faillace sign the complaint and file it (Dkt. #1), but he stated on his time sheets:

> reviewed and corrected complaint; discussed with Es [sic] the correct name of the owner; requested that Es [sic] make corrections to the complaint

Dkt. #64-2 at 1. Michael Faillace states that he spent 1.9 hours doing the activity in the above entry. *Id.* at 1. The time Mr. Faillace spent correcting the complaint was in addition to the 1.0 hour that an employee interviewed the client, the 2.8 hours that Mr. Faillace himself "researched and filed complaint" and the 2.0 hours that an employee spent while he "finalized and filed the complaint." The total amount of purported time spent on a complaint that sued a fictitious person was 7.8 hours.

In this case, Mr. Faillace signed and filed a complaint that sued Mr. Hayim Tsadok, on the multiple allegations that Mr. Hayim Tsadok was Plaintiff's employer. As the Court knows, this was impossible as Mr. Hayim Tsadok was living in Florida when Plaintiff worked at Tribeca Bagels in New York.

The allegations in *Ortega* are additional evidence that Plaintiff's counsel may have a pattern and practice of filing complaints without verifying the allegations with the client. This is extraordinarily troubling given that in 2018 alone, Michael Faillace signed and filed 216 complaints in the Southern District of New York based on the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219. *See* Exhibit 2. Mr. Faillace also commonly signs and files complaints in the Eastern District of New York.

"By presenting to the court a pleading . . . —whether by signing, filing, submitting, or later advocating it—an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the factual contentions have evidentiary support." Fed. R. Civ. P. 11(b)(3). Yet, Plaintiff's counsel admitted that Mr. Faillace and the attorneys in his office do not verify his complaints (a fact that is consistent with Plaintiff's testimony here):

> THE COURT: [removed text] . . . . Mr. Mulholland, is there an objection to the introduction of the complaint?
>
> MR. MULHOLLAND: Yes. **It's an unverified document.** It's not relevant.

Trial Tr. at 46 (emphasis added) attached as Exhibit 3. Co-counsel, Mr. Clark, then immediately argued: "**A complaint is a collection of allegations by the attorney.** It's not a prior statement of a witness . . . . *Id.* (emphasis added).

The binding admission by Mr. Mulholland that the complaints are not verified, the argument by Mr. Clark that the allegations are attributable only to the attorneys, and the fact that Mr. Faillace sued a fictitious person in a case before this Court is evidence that this Court may consider in deciding how to proceed with respect to sanctions after having found that the Plaintiff committed perjury from the beginning of the case when he sued Mr. Hayim Tsadok and said he worked for him for eight months.

Sincerely,<br>
*/s/ Brian Lehman*<br>
Counsel for Defendants

cc: all counsel by ECF