March 26, 2019

**_Via ECF_**

Hon. Katherine Polk Failla
United States District Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

   Re: Pre-Motion Conference in Anticipation of Motion for Sanctions Against in
      *Marcelino v. 374 Food, Inc. et al.*, 16-Civ-06287

Judge Failla:

  As counsel for Defendants, I respectfully submit this letter pursuant to Part 4 of the Court's Individual Rules of Practice in Civil Cases requesting a pre-motion conference prior to filing a motion to sanction Michael Ross and his associate pursuant to 28 U.S.C. § 1927 ("Section 1927") for filing unauthorized notices of appearances (Dkt. #93 and #94) and thereby unreasonably and vexatiously multiplying the proceedings and otherwise abusing the judicial process.

  Section 1927 of the Judicial Code is entitled "Counsel's liability for excessive costs." The statute reads:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927; *see also Enmon v. Prospect Capital Corp.*, 675 F.3d 138 (2d Cir. 2012); Note, *Sanctions Imposed by Courts on Attorneys Who Abuse the Judicial Process*, 44 U. CHI. L. REV. 619, 623 (1977).

  Section 1927 applies to all proceedings in federal courts of all levels. Moreover, the Supreme Court in *Roadway Express v. Piper*, 447 U.S. 752 (1980), held that Section 1927 "is indifferent to the equities of a dispute and to the values advanced by the substantive law." *Id.* at 762. Section 1927 "is concerned only with limiting the abuse of court processes." *Id.*

  Mr. Ross and his associate willfully abused the judicial process by filing "Notices of Appearances" in this case on behalf of an attorney who is representing a party rather than a notice of appearance on behalf of a party. In order to file this unauthorized notices, these attorneys had to willfully bypass various parts of PACER and add "Michael

Faillace" and "Michael Faillace & Associates, P.C." as miscellaneous "parties." This conduct was done in bad faith as PACER does not allow a lawyer to file such a notice unless the attorney willfully, and therefore knowingly, adds the names and then inserts the person or firm as a "party."

Moreover, even after filing such a "notice of appearance," PACER still does not recognize the lawyer's appearance. This alone was notice to Mr. Ross and his associate that he may not file "Notice of Appearance as Professional Responsibility Counsel on behalf of Mr. Faillace and his Firm." Dkt. #96 at 14 (Exhibit 3). No such category exists on PACER or, in fact, in law.

Mr. Ross's and his associate's conduct willfully, unreasonable, and vexatiously increased the cost of this litigation by causing Defendants' counsel to file a motion to disqualify him on the ground that attorneys may not represent attorneys who are representing a parties.

Mr. Ross and his associate should be ordered to satisfy personally the excess attorneys' fees reasonably incurred because of their conduct, which amounts to 1.5 hours at a fee recognized by the Laffey Matrix (*i.e.*, $742 per hour * 1.5 hours).[1]

I respectfully request a pre-motion conference prior to filing this motion for sanctions under 28 U.S.C. § 1927.

Sincerely,<br>
/s/ Brian Lehman<br>
Brian Lehman<br>
Lehman LG LLC<br>
244 5th Ave., B258<br>
New York, NY 10001

Counsel for Defendants
cc: all counsel by ECF

---

[1] http://www.laffeymatrix.com/see.html (last checked April 2, 2019).

2