**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X       16 Civ. 06287 (KPF)
DOMINGO CASTILLO MARCELINO,
*individually and on behalf of others*
*similarly situated*,

      *Plaintiff*,    **AFFIRMATION**
                                                    **IN OPPOSITION**
   --against--                       **TO MOTION TO**
                                                     **DISQUALIFY**
374 FOOD INC., HAYIM TSADOK and
TIRAN TSADOK,

      *Defendants*.

-------------------------------------------------------X

   MICHAEL S. ROSS, an attorney duly admitted to practice before the Courts of this State, affirms under the penalties of perjury, the following:

  **A.**  **INTRODUCTION.**

   1.  I am an attorney and counselor-at-law and am familiar with the relevant facts and circumstances of this case.

   2.  I, along with my associate, Eugene Gormakh, Esq., represent Michael Faillace, Esq., and Michael Faillace & Associates, P.C. (the "Firm"), in connection with the limited professional responsibility issues which have arisen in this matter. The focus of my practice for the last 30 years has been ethics, professional discipline, attorney sanctions cases and advising and representing lawyers and law firms in connection with such matters. I have represented lawyers in Federal Court matters for at least 15 years.

   3.  I am respectfully submitting this Affirmation in opposition to Defendants' April 2, 2019 Motion to Disqualify (the "Motion"), which seeks to disqualify me and my associate from representing Mr. Faillace and his Firm in this matter. (Dkt. Nos. 95, 96) Defendants' hastily-drafted Motion cites no authority for its patently incorrect argument that attorneys may never be represented by counsel in pending litigation.

   4.  For the reasons set forth below, Defendants' Motion should be denied.

*Law Offices Of*
*Michael S. Ross*

**B.     DISCUSSION.**

5.     Defendants' Motion perplexingly asserts that:

"Defendants are unaware of any case in the past 229 years that allows counsel to appear in federal court on its behalf of counsel [*sic*] who is in turn representing a party.  Attorneys represent parties in federal court; attorneys do not represent other attorneys who are representing a party."

(Dkt. No. 96, p. 1)

6.     Defendants' counsel's lack of awareness of the law is not an adequate reason for moving to disqualify me and my firm.  Defendants filed this Motion within hours of your undersigned counsel having filed a Notice of Appearance, prior to Defendants' counsel ever speaking to your undersigned counsel about this matter, and, presumably, within those few hours, Defendants' counsel did not conduct the appropriate research into the issues which he addresses.

7.     Contrary to Defendants' counsel's assertion that "attorneys do not represent other attorneys who are representing a party" (Dkt. No. 96, p. 1), your undersigned counsel – whose practice focuses on the representation of lawyers and law firms in ethical matters – routinely represents attorneys in connection with responding to sanctions motions in Federal and State courts.  Only by way of example, your undersigned counsel has recently appeared as counsel to non-party attorneys in the following matters before this Court:

   a.   In I.P. Doe, et al. v. Lokanda Lion, L.L.C. et al., 15-CV-00778 (S.D.N.Y.), I, along with another law firm, represented counsel to the plaintiffs in connection with responding to a Motion for Sanctions. The November 29, 2018 Notices of Appearance are at Docket Nos. 109 & 111, respectively.

   b.   In Lawrence v. City of New York, 15-CV-8947 (S.D.N.Y.), I and my associate, Mr. Gormakh, appeared on behalf of plaintiff's counsel in connection with responding to a Motion for Sanctions.  In setting forth the counsel who appeared in the case, this Court's decision noted:  "For Jason L. Leventhal, Miscellaneous[1]:  Michael Steven Ross, LEAD

---

[1]Defendants observe that "[e]ven the Court's CM/ECF system rejects recognizing Mr.
(continued...)

*LAW OFFICES OF*
*MICHAEL S. ROSS*

2

        ATTORNEY, Eugene Alexander Gormakh, Law Offices of Michael S. Ross, New York, NY." <u>Lawrence v. City of New York</u>, 2018 U.S. Dist. LEXIS 126010, at *1 (S.D.N.Y. Jul. 1, 2018). Judge Willian H. Pauley's decision repeatedly refers to the fact that plaintiff's counsel retained "ethics counsel." <u>See</u> <u>id.</u> at *4, *16. The October 13 and 23, 2017 Notices of Appearance are at Docket Nos. 81 & 86, respectively.

    c.    In <u>Garcia v. County of Westchester</u>, 11-CV-7258 (S.D.N.Y.), I and my associate, Mr. Gormakh, appeared on behalf of one of the plaintiff's attorneys in connection with a sanctions hearing. Several other attorneys also appeared on behalf of plaintiff's counsel, before and after the appearance of your undersigned counsel. The August 28, 2015 and December 10, 2015 Notices of Appearance are at Docket Nos. 197 & 218, respectively.

    d.    In <u>Luscier v. Risinger Brothers Transfer Inc.</u>, 13-CV-8553 (S.D.N.Y.), I appeared on behalf of one of the plaintiff's attorneys (who was an associate at the firm representing the plaintiff), and the law firm was represented by another professional responsibility attorney. My June 30, 2015 Notice of Appearance is at Docket No. 10.

    8.    Other Federal Courts have likewise recently authorized, without issue, your undersigned counsel's appearance on behalf of non-party attorneys. By way of example, in <u>Martin v. Giordano</u>, 11-CV-04507 (E.D.N.Y), I represented plaintiff's counsel in connection with responding to a motion for sanctions. (<u>See</u> Notice of Appearance dated May 20, 2016 [Docket No. 162]; <u>see also</u> Docket No. 169.) In <u>Boles v. Merck & Co., Inc.</u>, 06-CV-09455 (S.D.N.Y.), during trial, the Court itself *sua sponte* directed plaintiff's counsel to appear at a subsequent court appearance, *with counsel*, in connection with a contemplated order to show cause for sanctions against him. (Docket No. 275) I subsequently appeared on behalf of that attorney. The Notice of Appearance is at Docket No. 273.

---

[1](...continued)
Faillace as a 'party.'" (Dkt. No. 96, p. 1 n.1) This statement makes no sense. Mr. Faillace is *not* a party – he is a non-party, which is why your undersigned counsel designated him as "Miscellaneous," which the CM/ECF system permits. Contrary to Defendants' incorrect statements, I and my associate are properly receiving all PACER notifications, and PACER did not "reject" anything.

9. In the same vein, over the years, I and my staff have represented multiple lawyers and law firms in connection with disqualification motions. See United States v. Binday, 2013 U.S. Dist. LEXIS 37127, at *5 (S.D.N.Y. 2013) (in a case concerning an alleged conflict of interest, Judge McMahon explained that a prominent law firm with over 500 lawyers which represented a defendant in a pending case had "retained Michael S. Ross, Esq., a former Assistant United States Attorney in this district and a recognized ethics expert, to cast a fresh eye on [the] entire situation" involving conflict of interest claims).

10. The list of cases set forth above is non-exhaustive and includes only some of the cases where your undersigned counsel appeared on behalf of attorneys in pending litigation (such as this one). Presumably, there are many more similar cases where attorneys are represented by professional responsibility counsel. Defendants' counsel's statement that he is "unaware of any case in the past 229 years that allows counsel to appear in federal court" on behalf of "counsel who is in turn representing a party" reflects that he is not aware of any of the cases set forth above. It appears that Defendants' counsel never researched this issue.

11. Separately, Defendants' argue that, under Rule 4.2 of the New York Rules of Professional Conduct (the "Rules"), commonly referred to as the "no-contact rule,"[2] that they can no longer communicate with Mr. Faillace directly because he is now represented by counsel. Defendants are correct. Mr. Faillace and his Firm are the subject of serious allegations and are entitled to be represented by counsel. Defendants cite no authority for the argument that this is somehow improper, and Defendants' argument in this regard is wholly without merit. Any specific issues Defendants may have with respect to substantive non-sanction issues in the underlying litigation will be addressed by me and my firm as they arise.

---

[2] Rule 4.2, which is applicable to this proceeding pursuant to Rule 1.5(b)(5) of the Local Rules of the Southern and Eastern District Courts of New York, provides that: "In representing a client, a lawyer shall not communicate or cause another to communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the prior consent of the other lawyer or is authorized to do so by law."

### C. CONCLUSION.

12. In sum, Defendants' Motion, which is unsupported by citation to any relevant Rules or case law, asserts an untenable legal position which is incorrect and which is contradicted by numerous cases from this Court. Accordingly, the Motion should be denied.

WHEREFORE, I respectfully request that this Court deny Defendants' Motion;

AND grant such other and further relief as to this Court may seem just and proper.

Dated: New York, New York
April 3, 2019

s/Michael S. Ross
Michael S. Ross (MR-3626)
Law Offices of Michael S. Ross
60 East 42nd Street, 47th Floor
New York, New York 10165
Tel. (212) 505-4060
Fax (212) 505-4054
michaelross@rosslaw.org
