April 9, 2019

**Via ECF**

Hon. Katherine Polk Failla
United States District Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

    Re:   Defendants' position on anticipated motions and other issues in *Marcelino v. 374 Food, Inc. et al.*, No. 16 Civ 06287 (KPF)

Judge Failla:

As counsel for Defendants, I write in anticipation of the telephone conference ordered for tomorrow (Dkt. #100) with the goal of presenting Defendants' positions on certain issues so that the Court may efficiently consider them.

By way of background, three weeks ago, I sent a joint letter with Shawn Clark to the Court asking for a magistrate judge to help facilitate our discussions. Mr. Clark and I had had productive discussions on counsels' ethical duties but had hit some roadblocks. I sought resolution in good faith, as did Mr. Clark. While some commentators have argued self-regulation is a myth, *see, e.g.*, Fred C. Zacharias, *The Myth of Self-Regulation*, 93 MINN. L. REV. 1147, 1152–54 (2009), I remain sanguine.

Three events have happened since that letter was sent three weeks ago (Dkt. #80) that precipitated the 21 docket entries since then (Dkt. #80- Dkt. 101).

**First**, this Court ordered the parties into settlement (Dkt. #82) and the Magistrate Judge made it clear that she would preside over a pre-settlement conference pursuant to her Individual Rules (Dkt. #85).

**Second**, Mr. Clark abruptly notified the Court that he was no longer employed at Michael Faillace's firm. I say "abruptly" because in none of the conversations over the previous two weeks had Mr. Clark indicated to me that he wouldn't be the counsel participating in future discussions. Mr. Clark was either misleading me in asking me to have a discussion with him before the Magistrate Judge, or his departure happened suddenly.

**Third**, Mr. Faillace retained Michael Ross as counsel for him individually and for his firm (Dkt. #93).

Defendants' position on the pending motion is that Mr. Ross may not represent Mr. Faillace in this case because Mr. Faillace is not a party. This issue is now fully briefed (Dkt. #96, #98 and #101).

Defendants' position with respect to anticipated motions are as follows:

1.   This Court does not have authority to order the parties to settlement after a trial is held. Such authority may only be exercised pre-trial.

Rule 16 of the Federal Rules of Civil Procedure states: "In any action, the court may order the attorneys and any unrepresented parties to appear for one or more ***pretrial*** conferences for such purposes as . . . facilitating settlement." Fed. R. Civ. P. 16(a)(5) (emphasis added). In addition, 28 U.S.C. § 636 states that "a judge may designate a magistrate judge to hear and determine any ***pretrial*** matter pending before the court . . . ." 28 U.S.C. § 636(b) (emphasis added). This statute is jurisdictional and defines the powers of the Magistrate Judge. Once a trial has taken place, the Magistrate Judge lacks the power to hold a settlement conference.

Defense counsel is unaware of any statute or Federal Rule that gives this Court authority to now order the parties to participate in a settlement conference before Magistrate Judge Wang. While Mr. Ross was correct in stating that my ignorance of the law does not constitute legal authority (for which I am sure we are all grateful), Defendants' position is that this Court lacks authority to order the conference. This is no small matter as the Magistrate Judge has cited as authority Section VI of the Magistrate Judge's Individual Practices concerning settlement conferences (Dkt. #85).

Section VI requires the parties to prepare pre-settlement letters and to make and consider settlement offers. "The parties—not just the attorneys—must attend the Settlement Conference in person," according to Section VI(e). "If a party fails to comply with the attendance requirements, that party may be required to reimburse all the other parties for their time and travel expenses and may face other sanctions" under Section VI(f).

Defendants have notified Mr. Faillace that they will seek a writ of mandamus to vacate this Court's settlement conference order (Dkt. #82) on the grounds that this Court and the Magistrate Judge lack authority to issue such orders post-trial. For this reason, Defendants will seek an adjournment and Mr. Faillace has authorized me to state: "Mr. Faillace's firm as a matter of courtesy does not object to the adjournment of the conference but wishes the court to understand that he believes that the writ that I advised him I would be filing this week lacks merit." (The petition for the writ has not been filed

because after this request and Mr. Faillace's consent, Mr. Ross filed his notice of appearance and there was subsequent motion practice on the motion to disqualify Mr. Ross.)

Rather than seek a writ from the Second Circuit, Defendants request this Court vacate the order so that the parties may brief the issues of the Court's authority prior to seeking the writ.

2.      Defendants' position is Mr. Faillace and his firm must be disqualified, particularly because there will be a motion to set aside the judgment under Rule 60(b) of the Federal Rules. Both plaintiff and defendant may also file motions to amend the judgment under Rule 52(b) and Defendants intend to file a motion to sanction Plaintiff. Plaintiff should have counsel that does not have a conflict of interest representing his interests on these motions.

Defendants will file the motion to disqualify Mr. Faillace as soon as possible and, if the motion is denied, Defendants intend to seek a writ of mandamus from the Second Circuit.

3.      While Defendants continue to offer to discuss in private the ethical implications of Plaintiff's perjury and attempt a joint statement about a course forward (which is what Defense counsel believed he had originally offered (Dkt. #84)), Defendants do not seek a settlement. Indeed, Hayim Tsadok does not have any potential claims against him because Plaintiff already stipulated to dismiss him. The other individual defendant was found not liable because he is not an employer of Plaintiff. Only the corporate defendant has liability and it intends to move to set judgment aside under Rule 60(b)(3) (Dkt. #75).

Defendants do not believe it ethical to attempt a "global settlement" for two reasons. Plaintiff is entitled to counsel representing his interests. In addition, Defense counsel does not believe he should use anticipated motions for sanctions as part of a global settlement discussion.

In light of Defendants' positions above, Defendants submit that one course forward is (1) Mr. Faillace withdraws, (2) the motion to sanctions are briefed, and (3) the motion to set aside the judgment is briefed. Should the Court appoint counsel for Plaintiff pursuant to 28 U.S.C. § 1915(e) or ask Legal Aid for a lawyer given the immigration issues, Defendants have no objection.

Respectfully,
/s/ *Brian Lehman*
Brian Lehman
*Counsel for Defendants*

cc: All counsel
by CM/ECF

3