UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DOMINGO CASTILLO MARCELINO,

                Plaintiff,

        -v.-

374 FOOD INC., *et al.*,

                Defendants.

16 Civ. 6287 (KPF)

ORDER

KATHERINE POLK FAILLA, District Judge:

## BACKGROUND

On March 27, 2018, the Court issued an Opinion and Order detailing its findings of fact and conclusions of law after the bench trial in the instant matter. (Dkt. #59). At the conclusion of the Opinion, the Court solicited additional briefing from the parties concerning, among other things, the propriety of sanctions against Plaintiff or Plaintiff's counsel. Thereafter, the Court received several applications from the defense, some of which addressed whether Plaintiff's counsel should be disqualified. More recently, Plaintiff's counsel has retained ethics counsel for advice in this matter, and by separate order on this date, the Court is permitting the appearance of ethics counsel in this case.

By letter dated April 17, 2019, ethics counsel advised the Court that Plaintiff's counsel wished to be relieved from the case, and offered to make a formal motion in that regard. (Dkt. #104). In light of (i) Defendants' prior arguments that Plaintiff's counsel should be disqualified and (ii) the Court's oral decision yesterday on Defendants' motion to disqualify ethics counsel, the

Court agrees that relieving Plaintiff's counsel is appropriate and will not require a formal motion. Separately, counsel requests that *pro bono* counsel be appointed to represent Plaintiff on a going-forward basis. That request is addressed in the remainder of this Order.

## DISCUSSION

### A.     Applicable Law

The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge* v. *Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to grant an indigent litigant's request for representation. *Id.* Even if a court does believe that a litigant should have a lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard* v. *U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–310 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore grant applications for counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper* v. *A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit set forth the factors a court should consider in deciding whether to grant a litigant's request for counsel. *See* 802 F.2d at

61-62.  Of course, the litigant must first demonstrate that he or she is indigent, *see Terminate Control Corp.* v. *Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994), for example, by successfully applying for leave to proceed *in forma pauperis*.  The court must then consider whether the litigant's claim "seems likely to be of substance," "a requirement that must be taken seriously."  *Id.* at 60-61.  If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel).  In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion.  *See Hendricks* v. *Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997).  Rather, each application must be decided on its own facts.  *See Hodge*, 802 F.2d at 61.

### B.   Discussion

The Court accepts the representation of ethics counsel and Plaintiff's counsel that Plaintiff qualifies for *in forma pauperis* status, which representation accords with the Court's observations during this case.  Accordingly, the Court finds that Plaintiff qualifies as indigent, and grants leave for him to proceed without prepayment of fees going forward.

Next, the Court finds that the issues for which Plaintiff now seeks representation are "likely to be of substance." *Hodge*, 802 F.2d at 61-62. After all, the Court has concluded that Plaintiff perjured himself at trial, and is seriously considering the imposition of sanctions against Plaintiff and/or his trial counsel. The Court believes strongly that Plaintiff should be represented in the remaining stages of this case. For similar reasons, the Court finds that the other *Hodge* factors weigh in favor of granting Plaintiff's application. The Court has made very serious factual findings and Plaintiff is now exposed to very serious consequences, including significant financial penalties. Put simply, in this case, representation would "lead to a quicker and more just result by sharpening the issues and shaping examination." *Hodge*, 802 F.2d at 61.

## CONCLUSION

For the foregoing reasons, the request of Plaintiff's counsel to be relieved is GRANTED and the coordinate request that the Court request provision of *pro bono* counsel for Plaintiff is also GRANTED. The Court clarifies that there is no court funds with which to retain counsel, and that the Court is dependent on volunteer lawyers. Due to a scarcity of such attorneys, some time may pass before an attorney is appointed for Plaintiff. If an attorney takes case, the attorney will contact Plaintiff directly, and it will be Plaintiff's choice whether to be represented by that attorney.

Given the procedural posture of the case, the Court is staying the matter to the extent that it will not entertain further motion practice until new counsel

is located for Plaintiff.  The Court also directs that outgoing Plaintiff's counsel provide a copy of this Order to Plaintiff and translate it for him into his native Spanish.  The Court expects that, until new counsel appears for Plaintiff, outgoing Plaintiff's counsel will keep Plaintiff aware of any developments in the case.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal by Plaintiff from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal.  See *Coppedge* v. *United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  April 17, 2019
       New York, New York

　　　　　　　　　　　　　　　　　　　　　　　　　*Katherine Polk Failla*
　　　　　　　　　　　　　　　　　　　　　　　　　————————————————————
　　　　　　　　　　　　　　　　　　　　　　　　　　KATHERINE POLK FAILLA
　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge