July 3, 2018

Hon. Katherine Polk Failla
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

**Re:   Judicial Notice of Fraud Upon the Court in *Nunez, et al. v. R. Gross Dairy Kosher Restaurant, Inc. et al.*, No. 18 Civ. 00861 (GBD)**

Judge Failla:

I am counsel for the defendants in a case before your Honor that the parties refer to as "*Tribeca Bagels.*" The case is docketed as *Marcelino v. 374 Food Inc. et al.*, 16 Civ. 06287 (Failla, J.). On March 27, 2018, after a bench trial, this Court found that the Plaintiff in *Tribeca Bagels* committed perjury (Dkt. #57).

I ask that the Court take judicial notice that defendants in another case have asserted and shown fraud on the Court by Michael Faillace and one of his clients. *See* Letter from Counsel for Defendant, Dkt. #47, *Nunez, et al. v. R. Gross Dairy Kosher Restaurant, Inc. et al. Case*, No. 18 Civ, 861 (Daniels, J.)) (attached); *see also J&I Thai, Inc. (d/b/a Little Basil Thai Restaurant)*, No. 18 Civ. 3261 (Torres, J.).

In *Nunez*, Defendants point out the incontrovertible fact that Mr. Faillace filed complaints alleging that the same plaintiff, Juan Carlos Moreria, worked in two places at the very same time. ***This is physically impossible***.

As defense counsel correctly notes, "Mr. Moreira could have set the record straight at any point in the last ten months, but has refused to do so." *Id.* Morever, Mr. Faillace has failed (and continues to fail) to correct the factual allegations that Mr. Faillace made despite his obligations under Rule 1.6 and Rule 3.3 of the New York Rules of Professional Conduct. *See, e.g.*, Dkt. # 79, #79-1, 79-2 (attached opinion on these ethic rules)

To put a finer point on it, Mr. Faillace personally filed complaints with his signature in both cases in this Court. Pursuant to Rule 11 of the Federal Rules of Civil Procedure, Mr. Faillace represented that "the factual contentions" in the Complaint "have evidentiary support." Fed. R. Civ. P. 11(b)(3).

But ***the allegations are impossible*** because Mr. Faillace alleges that Plaintiff Moreria worked at a restaurant called "Little Basis" from 5 p.m. to 10 p.m. everyday (*i.e.*, seven days a week) and at a restaurant called Mr. Broadway Kosher Bar & Grill from 5pm-10pm for five days of the week. As is unsurprising from the name of the restaurant,

Mr. Broadway is closed from 5 p.m. to 10 p.m. during Shabbat (Friday and Saturday) (*see also* https://www.mrbroadwaykosher.com/contact/).

In addition to these two complaints, Defendants in Tribeca Bagel previously gave judicial notice, and without any objection whatsoever, that Mr. Faillace had sued a fictitious person "Anthony Muzzarella." (Dkt. #92) (March 29, 2019). Mr. Faillace's counsel, Michael Ross, appeared the very next business day, April 2, 2019, and has had ample opportunity to challenge the notice of these false allegations. Mr. Ross has not, and cannot, challenge judicial notice because there is no person named "Anthony Muzzeralla" and it would have been impossible for Plaintiff in that case not to know this rudimentary fact of who hired him, set his schedule and paid him. Indeed, the settlement papers changed the caption of the case to remove Anthony Muzzarella without notifying the Court in what appears to be an attempt to cover up the fact that Mr. Faillace sued a fictious person.

Thus, there are now at least four cases where Mr. Faillace has personally made demonstrably false allegations in complaint that are all recently filed in this Court. In *Tribeca Bagels*, the Court found that the allegations were patently false after a costly and time-consuming bench trial. In the other three cases, the Court has judicial notice that the allegations are impossible.

In light of the above, I ask that the Court promptly appoint counsel for Plaintiff in this case. The fact that Mr. Faillace is making demonstrably false allegations is extraordinarily serious but, as explained above, incontrovertible. Yet, it is impossible for the parties or Court to move forward to find out the exact truth so long as the case is stayed pending the appointment of counsel for Plaintiff. Indeed, I have reached out to Mr. Ross numerous times to see if we could find a way to jointly approach the Court with a resolution but been rebuffed or, more recently, simply ignored.

It is beyond clear to me that without Plaintiff having counsel, any attempts to find a resolution to help prevent further the use of the Court's limited resources are futile. I also firmly believe that there are numerous members of the bar who will step forward to assist given that this is no longer about perjury in one case, but what appears to be a pattern and practice of committing fraud on this Court and then receiving significant settlements from defendants, that including numerous small businesses and invidiuals, in this District.

Respectfully,

*/s/ Brian Lehman*
Brian Lehman
Counsel for Defendants

cc: all counsel of record
by CM/ECF