August 6, 2019

Hon. Katherine Polk Failla
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

      Re:    Letter in Response to the Court's Order (Dkt. #120) in *Marcelino v. 374 Food Inc. et al.*, 16 Civ. 06287

Judge Failla:

      As counsel for Defendants in the above-caption action, I write in response to the Court's Order (Dkt. #120). The Court specifically ordered:

> Defendant and Plaintiff's former counsel, Michael Faillace & Associates, P.C., to submit a joint letter on or before August 6, 2019, to propose a potential briefing schedule on a motion to set aside judgment or alternative measures to bring this case to conclusion (*Id.*).

      I have conferred with counsel for Mr. Faillace, Michael S. Ross, Esq., and Eugene Gormakh, Esq., in response to this Order. Mr. Faillace's counsel has advised me that, because Mr. Faillace and his firm no longer represent Plaintiff in this action, Mr. Faillace and his firm will not take any position concerning a motion to set aside the judgment or any other alternative measures available to the Court.

      Thus, solely on behalf of the Defendants, I respectfully submit that the best course of action is for *pro bono* counsel to be appointed and for this counsel to discuss a briefing schedule or a manner that may satisfactorily resolve this case. Having an informed discussion with appointed counsel representing Plaintiff is important because from the beginning of this action Defendants conceded that Plaintiff was owed some amount money for violations by the corporate defendant (Dkt. #50) (transcript of initial pretrial conference on January 4, 2017).

      Put another way, Plaintiff had a property right in money owed to him and the question is whether he should still receive this money or, in the alternative, should the judgment be set aside due to his perjury. Setting aside the judgment raises due process concerns as "No person shall ... be deprived of . . . property, without due process of law." U.S. CONST. AMEND. V.

      If *pro bono* counsel is unavailable, Defendants respectfully submit that Plaintiff be instructed that he must either retain an attorney or represent himself. While this is not Defendants' preferred course of action, Defendants nonetheless maintain that Plaintiff took it upon himself to sue Defendants in federal court and then repeatedly lied in Court including during a settlement conference with a Magistrate Judge and then at trial before this Court. If he

must now retain a lawyer or represent himself because there are not attorneys available to assist him for free, then that is the natural and foreseeable consequence of his conduct.

    Respectfully,

*/s/ Brian Lehman*
Brian Lehman
Counsel for Defendants

cc: all counsel of record