October 21, 2019

Hon. Katherine Polk Failla
United States District Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

**Re: Defendants' Response in *Marcelino v. 374 Food Inc. et al.*, No. 16 Civ. 06287 Pursuant to the Court's Order (Dkt. #123)**

Judge Failla:

I am counsel for Defendant 374 Food Inc., also known as "Tribeca Bagels." I write in response to the Court's Order to Show Cause dated September 18, 2019 (Dkt. #123).

Relevant background is the following: After a bench trial, this Court found that Plaintiff Domingo Castillo Marcelino perjured himself and held that Defendants may move for sanctions (Dkt. #50). Defendants subsequently reached a settlement with Plaintiff's Counsel after extensive discussions about the proper way to proceed. Defendants agreed that the payment by Plaintiff's counsel would cover all damages caused by Plaintiff's perjury.

In light of the settlement, Defendants' position was, and remains, that Defendants lack standing to pursue sanctions against Plaintiff or Plaintiff's counsel -- *i.e.*, the parties agree that the harm done to Defendants has now been compensated (Dkt. #119). As the undersigned counsel informed the Court: "Pursuant to the settlement, Defendants (and your undersigned counsel) agree not to pursue any claims or file any motions against Faillace, the Faillace firm's current and/or former associates, and/or Plaintiff Castillo Marcelino except for a motion to set aside judgment pursuant to Rule 60 of the Federal Rules of Civil Procedure or pursuant to the Court's inherent power." Dkt. #119 at 1.

Thus, the sole remaining issue was whether judgement against Tribeca Bagels should be set aside due to Plaintiff's perjury.[1] It should be noted that this issue may (and in

---

[1] For this reason, Defendants have not provided a breakdown of their hours or costs for the case in stages as any award would be an unjustified windfall in light of the settlement agreement.

Defendants' view should) be decided on the transcript of the bench trial and the Court's written opinion alone -- there is no need for any additional hearings.

After the settlement was reached, the Court relieved Plaintiff's counsel from representing Plaintiff. (Dkt. #106) and also requested *pro bono* counsel be appointed. The Court's *pro bono* office informed the Court that Plaintiff was close to receiving assistance from a free attorney, but this attorney then lost contact with Plaintiff (Dkt. #123). The Court then ordered Plaintiff to show cause in writing on or before October 7, 2019, in which Plaintiff addresses the Court's ruling and explains how he will be represented moving forward.

Former Counsel for Plaintiff has now informed the Court that his efforts to transmit this Order to Show Cause to Plaintiff have been unsuccessful (Dkt. #124). This is apparently true despite the fact that Plaintiff was in repeated contact with relieved counsel after the bench trial including having been read the entire opinion in Spanish in relieved counsel's office. More recently, Plaintiff was also in contact with the selected *pro bono* counsel. Finally, during this time period, employees of Tribeca Bagels have informed the undersigned that Plaintiff had contacted at least one employee to ask for help in "getting out of this trouble." As an initial take, it appears that Plaintiff is willfully ignoring the Court's Order and attempting to disappear.

Defendants submit that whatever tools the Court would have used to compel the individual defendants to appear before the Court at trial should be used to compel Plaintiff to appear before the Court and respond to the Order to Show Cause. As the Court may recall, Defendant Hayim Tsadok was residing in Florida when sued and had been living there for the previous five years. Nonetheless, the Court made it clear that Mr. Tsadok was required to attend the trial in New York and, understanding that to disobey the Court's directive would undermine the administration of justice which requires for court order to be obeyed, Mr. Tsadok did testify at trial (at which point Plaintiff informed the Court that he had never met Hayim Tsadok).

In particular, Defendants submit that the Court should issue an order to show cause as to why the Court should not imprison Plaintiff for contumacy. It is further submitted that the Court should order the U.S. Marshal for the Southern District of New York to arrest Plaintiff and bring him before the Court so that this Order to Show Cause and the original one may be personally served up him. Such an order is analogous to a Warrant for the Arrest of a Witness in a Civil Action and may be issued pursuant to the Court's inherent power (https://www.uscourts.gov/sites/default/files/ao445.pdf) .

Once personally served, Plaintiff may defend against the charge that he is willfully or contumaciously violating order of the court by attempting to disappear after having initiated a complaint seeking almost $200,000 in damages, having caused a lengthy settlement conference presided over by a Magistrate Judge, and having caused a bench trial presided over District Judge and, throughout it all, grossly and wantonly lied to the Court.

Defendants' position is also that dismissal for failure to prosecute is not appropriate given that Plaintiff did prosecute the case -- fully and completely -- through trial. The Court issued a lengthy opinion and there is no issue to resolve related to the entering of judgment based on that opinion and the facts as found by the Court in that opinion (Dkt. #50). There is nothing left for the Plaintiff to "prosecute."

Rather, the sole issue is whether judgment should aside pursuant to Rule 60 of the Federal Rules of Civil Procedure or pursuant to the Court's inherent power (Dkt. #119 at 1). Given that this issue may be resolved on the papers alone, and no hearing or additional fact finding is needed, *pro bono* counsel may still represent Plaintiff *in absentia*. Such representation benefits the Court as the issue of when a judgment may be set aside for perjury is not so clear cut as to warrant a summary order.

Finally, Defendants respectfully submit that were the case simply to be dismissed now there is no reason that every rational actor in Plaintiff's circumstances would pursue the same course of action of lying and deceit: Simply file a complaint seeking $200,000, attempt to extract a settlement, force the Court and the parties to have a trial, and when the lies are finally revealed, refuse to participate anymore in the proceedings.

Plaintiff's conduct mocks the administration of justice in the courts of the United States. Defendants respectfully submit that (1) an order to show cause on imprisonment for for contumacy be issued, (2) the United States Marshall arrest Plaintiff so that he may be personally served with the order to show cause and defend himself, and (3) the Court set a briefing schedule on Defendants' motion to set aside judgment pursuant to Rule 60 or the Court's inherent power on the basis that Plaintiff committed perjury at trial.

Respectfully,<br>
/s/ Brian Lehman<br>
Brian Lehman<br>
Counsel for Defendants

cc: Michael Ross, Esq.
Eugene Gormakh, Esq.