UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DOMINGO CASTILLO MARCELINO,

                Plaintiff,

        -v.-

374 FOOD INC., TIRAN TSADOK, and HAYIM TSADOK,

                Defendants.

16 Civ. 6287 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

    On March 27, 2018, the Court issued an Opinion in this action finding that Plaintiff, although entitled to damages, had committed perjury in the course of his prosecution of this case. (Dkt. #59). The Court invited the parties to brief whether sanctions were warranted against Plaintiff, under either Federal Rule of Civil Procedure 11 or the Court's inherent powers (*id.*), and on September 18, 2019, the Court issued an Order to Show Cause why the Court should not order the forfeiture of Plaintiff's judgment or impose other sanctions in response to Plaintiff's conduct (Dkt. #123). Despite numerous efforts to contact Plaintiff (*see* Dkt. #123, 124, 126), Plaintiff made no effort to respond to the Court's two orders.

    On December 9, 2019, the Court held the promised show-cause hearing and Plaintiff did not appear. (Minute Entry of 12/09/2019). At the hearing, Defendant requested that the Court formally set aside the judgment pursuant to Rule 60(b). Rule 60(b)(3) provides, in relevant part, that a court may provide a party with relief from a final judgment or order for reasons of "fraud …,

misrepresentation, or misconduct by an opposing party." Fed R. Civ. P. 60(b)(3). However, Rule 60(c)(1) expressly provides that a motion for such relief must be brought "no more than a year after the entry of the judgment or order." Fed. R. Civ. P. 60(c)(1). This time limitation is absolute. *See Warren* v. *Garvin*, 219 F.3d 111, 114 (2d Cir. 2000). Moreover, the Court cannot rely on Rule 60(b)(6)'s broader ground for relief because that subsection of the rule cannot be used "to circumvent the one-year limitations period that applies to the specific clauses." *See LinkCo, Inc.* v. *Akikusa*, 615 F. Supp. 3d 130, 136 (S.D.N.Y. 2009), *aff'd*, 367 F. App'x 180 (2d Cir. 2010) (summary order).

However, the Court recognizes that it is within the Court's inherent power to order the forfeiture of Plaintiff's award in response to his perjury. *See ABF Freight Sys., Inc.* v. *N.L.R.B.*, 510 U.S. 317, 329 (1994) (Scalia, J., concurring) ("The principle that a perjurer should not be rewarded with a judgment — even a judgment otherwise deserved — where there is discretion to deny it, has a long and sensible tradition in the common law."); *cf. Radecki* v. *GlaxoSmithKline*, 646 F. Supp. 2d 310, 318 (D. Conn. 2009) (dismissing case with prejudice in response to plaintiff's perjury during trial), *aff'd*, 375 F. App'x 46 (2d Cir. 2010) (summary order). Given Plaintiff's extensive perjury, as detailed in the Court's prior Opinion (Dkt. #59), the Court finds that such a sanction, while severe, is warranted.

Therefore, the Court ORDERS that Plaintiff's award of judgment is hereby forfeited.

Additionally, the Court finds that Defendants and their counsel have incurred costs as a result of Plaintiff's failure to prosecute this case and respond to the Court's orders, and that they are entitled to reimbursement for those costs from Plaintiff. The Court therefore invites Defendants and their counsel, if they wish, to petition the Court for a reimbursement of costs by January 11, 2020.

Finally, Plaintiff's former counsel is ORDERED to transmit this message to Plaintiff through whatever means they were last able to contact him.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal by Plaintiff from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge* v. *United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: December 11, 2019
       New York, New York

                                      KATHERINE POLK FAILLA
                                      United States District Judge