UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DOMINGO CASTILLO MARCELINO,

                Plaintiff,

           -v.-

374 FOOD INC., TIRAN TSADOK, and HAYIM TSADOK,

                Defendants.

16 Civ. 6287 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

    The Court is in receipt of a communication from Defendants' counsel advising the Court, in response to this Court's prior Order (Dkt. #128), that Defendants do not intend to seek reimbursement for their costs in this matter. However, counsel makes two recommendations to the Court: (i) the Court should make a criminal referral of Plaintiff's conduct to the U.S. Attorney's Office for the Southern District of New York; and (ii) the Court should assess against Plaintiff the costs that it has incurred through its adjudication of this matter.

    In regards to the recommendation of a criminal referral, the Court will take counsel's recommendation under consideration, and believes that further public comment on the matter would be inappropriate. Regarding the assessment of Court costs, the Court has conducted research to determine whether such a sanction is warranted under the circumstances. Although the Court has found authority for the imposition of such costs, the sanction has only been applied against counsel, as opposed to against the party. *See Bardin*

v. *Mondon*, 298 F.2d 235, 238 (2d Cir. 1961) (imposing court costs on appellate counsel for his "dilatory conduct," and expressly choosing not to impose costs on the parties); *Barsoumian* v. *Szozda,* 108 F.R.D. 426, 426 (S.D.N.Y. 1985) (imposing court costs directly on plaintiffs' counsel); *J.M. Cleminshaw Co.* v. *City of Norwich*, 93 F.R.D. 338, 354 (D. Conn. 1981) ("[A] court may impose sanctions upon *an attorney* … includ[ing] fines payable to the court." (emphasis added)). The underlying rationale for sanctioning counsel, as opposed to the party, is that it is counsel who should be fully aware of the consequences of his or her actions. Given that it is still unclear to what extent Plaintiff's perjury is attributable to Plaintiff's former counsel, the Court is loath to impose this sanction directly on Plaintiff. Therefore, while the Court appreciates Defendants' counsel's sentiment in wishing to uphold the integrity of the Court and the judicial process, the Court does not believe the assessment of its costs is warranted here.

As a final matter, the Court wishes to express its sincere gratitude to Defendants and their counsel for their diligent efforts in bringing this case to a just resolution. The Clerk of Court is directed to terminate all pending motions, adjourn all remaining dates, and close this case.

Plaintiff's former counsel is ORDERED to transmit this message to Plaintiff through whatever means they were last able to contact him.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal by Plaintiff from this Order would not be taken in good faith and therefore IFP

status is denied for the purpose of an appeal.  *See Coppedge* v. *United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: January 24, 2020
       New York, New York

KATHERINE POLK FAILLA
United States District Judge